BARFIELD vs. HEWLETT.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where a commission was directed to any justice of the peace, and his official character certified by the clerk, and this certificate attested by the chairman of the court as being in due form, the deposition was held to be inadmissible.

The private seal of a justice is only required in regard to depositions taken in the state.

Where the instrument is executed out of the state, the presumption is, that the witnesses reside there, and in such a case, the handwriting of the party may be proved.

The purchaser of a slave at auction acquires no title, if his vendor be without authority to sell.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

To the claim of the plaintiff for two slaves in the possession of the defendant, and the price of one who had died, the latter pleaded the general issue and a purchase in good faith. There was judgement against him; he appealed, and the case was remanded on account of some irregularity. 6 *Martin, N. S.* 78. He is now appellant of the second judgement, an amendment of which is asked by the plaintiff, who prays to be allowed the value of the deceased slave, and the hire or wages of the other two from the time they came to the defendant's possession.

Our attention has been first drawn to three bills of exceptions. The first was taken by the plaintiff to the rejection of several depositions, on the ground of the absence of legal evidence of the official character of the person who had executed the commission. It was directed to any justice of the peace, in commission in the state of Tennessee. The clerk of the county court of Rutherford, certified the official capacity of the person executing the commission, and the chairman of the court attested that the certificate was in due form. This was an attempt to authenticate a document which was not a record or any judicial proceeding of a court of one of the states, under the *act of Congress,* 1790, *ch.* 11. We think the depositions were properly rejected.

BARFIELD<br>*vs.*<br>HEWLETT.

Where a commission was directed to any justice of the peace, and his official character certified by the clerk, and this certificate attested by the chairman of the court as being in due form, the deposition was held to be inadmissible.

The next was taken by the defendant to the admission in evidence of depositions, to the reading of which he objected that the witnesses were not sworn according to law, and for want of the use of the justice's private seal.

The justice certified the depositions were sworn to and signed before him. The use of a justice's private seal is, indeed, required by the *article* 433 *of the Code of Practice;* but this is only in regard to depositions taken in the state. Of such depositions the code treats *ex professo* in the articles from 425 to 435, exclusively. The code afterwards treats equally *ex professo* of commissions taken out of the state. In articles 438 and 439, provisions applicable to commissions executed in and out of the state, are stated.

The private seal of a justice is only required in regard to depositions taken in the state.

The third is taken by the defendant to the proof of Harraldson's signature, at the foot of an agreement annexed to one of the depositions, on the ground that there appeared the signature of two witnesses to the instrument, and the absence of their testimony was unaccounted for, nor their hand writing proved.

The instrument was executed out of the state. In such a case, the presumption is the witnesses reside there, and in the present case, there is evidence of their residence abroad. There, then, would be danger to send the instrument for their inspection, and the handwriting of the party may be proved. 7. *Martin,* 69. 12 *id.* 539.

The signature of Harraldson being fully proved, the defendant objected to the reading of the document, on the ground that the signature of the witnesses was not, and the instrument being ordered to be read, the court declaring itself satisfied that the signatures of the witnesses were duly proven, the defendant took a bill of exceptions. We think the judge was correct in concluding the handwriting of the witnesses was fully proved.

The judge did not, therefore, err in allowing the reading of the agreement.

On the merits, the plaintiff proved his title, and it was admitted the defendant purchased the slaves at auction, and took Harraldson's bill of sale. The slaves had been delivered by the plaintiff to Harraldson, under a written agreement that he should bring them to Louisiana and hire them for the plaintiff, till the arrival of the latter in Attakapas or Opelousas. Harraldson brought them to New-Orleans, where he publicly offered them for sale, and finally put them at auction.

It is clear the defendant acquired no title, his vendor having none himself, nor any authority to convey any. The plaintiff has endeavored to present to us evidence of the defendant's bad faith, in his neglect to call on his vendor to produce a written title or authority, as slaves cannot be bought in this state but by a written act. It is otherwise in other states and countries. Bad faith is not to be presumed, and evidence of it does not result from the neglect of calling on a vendor for his title.

Were the deceased slave alive, the surrender of her is all the plaintiff could expect from the defendant. Her death has rendered that impossible.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.

*Grymes*, for appellant.   *Egnew*, for appellee.