WESTERN DIST.
*Sept.* 1837.

PERRYMAN ET AL. *vs*. DEMARET.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

PERRYMAN ET AL
*vs.*
DEMARET.

| 11 | 347 |
| 124 | 683 |

Where the plaintiffs proved their cattle had been sold by another, without authority, and found in the possession of defendant, they had judgment in the alternative for the *same* cattle, or their value.

The plaintiffs claim several head of cattle branded with their brand, as their property, which they allege are in the possession of the defendant, and for which they pray judgment in kind, or for their value in money.

The defendant pleaded a general denial.

The evidence clearly showed, that about twenty-five or thirty head of the cattle claimed, were sold by one Martin M. Campbell to L. Foster in his life time, and at the probate sale of his succession, they were purchased by the defendant. The witnesses established the identity of the cattle, and the ownership of the plaintiffs.   There was no authority shown in Campbell to sell them.

On the part of the defendant, it was shown that she purchased the identical cattle at her husband's probate sale, and also the branding iron with which they had been re-branded.

The district judge gave judgment for twenty-five head of cattle, and in default of compliance, for two hundred and twelve dollars and fifty cents, in money.   The defendant appealed.

*King*, for the plaintiff, contended, that the cattle sold by Campbell to Foster, belonged to the plaintiffs, and that the sale of the thing of another, *is null*.   *Louisiana Code, article* 2427.

*W. B. Lewis*, contra.

*Carleton, J.*, delivered the opinion of the court.

The petitioners aver, that they were the owners of a number of cattle, which one Martin Campbell, without any

WESTERN DIST. right or authority to that effect, sold and delivered to Levi
*Sept.* 1837. Foster in the year 1831 ; that after the death of Foster they
HUDSON, were sold through error, as a part of his succession, when
SYNDIC, ETC. the defendant became purchaser. The petition concludes
*vs.* with a prayer for judgment against the defendant for all the
BODIN. cattle and their increase in her possession, and for general
relief.

The defendant answers by a general denial, and pleads
the prescription of ten, five, four, three, two and one years.

Where the The cause was tried by the court, who rendered judgment
plaintiffs proved
their cattle had in favor of the plaintiffs for twenty-five head of cattle, and in
been sold by
another, without default of delivery, for the sum of two hundred and twelve
authority, and
found in posses- dollars and fifty cents. The defendant appealed.
sion of defend-
ant, they had At the trial of the cause both parties introduced several
judgment in the witnesses, whose testimony we have carefully examined, and
alternative, for
the *same* cattle find no reason to be dissatisfied with the conclusion formed
or their value. by the district judge.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.