JOSHUA MARKS v. NARCISSE LANDRY.

Where several juries have rendered verdicts in the same way, the party aggrieved may appeal without moving for any further new trial.

A *bona fide* purchaser acquires no right to the thing sold from a vendor, not the owner, unless the owner delivered possession to the vendor, with the intention that both the possession and the property should pass. It is only in such a case that the equity of the original owner, is not equal to that of the *bona fide* purchaser for a valuable consideration.

APPEAL from the District Court of Ascension, *Nicholls*, J.*

MORPHY, J. The petitioner claims of the defendant a raft of timber, his property, or its value, which he lays at $546. The defence is, that the defendant purchased the raft from one John Warden, who was in possession of it; that if the plaintiff be the owner of the raft, as he alleges, he is bound by the act of Warden, who was his agent, and cannot recover without reimbursing to the defendant what he paid for it. Five juries have decided this case in favor of the defendant, and their verdicts have been invariably set aside by the district judges, who presided at the trials. The plaintiff, despairing of obtaining a different result, took the present appeal from the judgment entered up on the last verdict, without asking for a new trial.

The evidence shows that, a very short time before the inception of this suit, the plaintiff put under the charge of one Daniel Adams, two rafts, to be brought down from Old River to Carrolton; that Adams delivered one of these rafts to John Warden, to be taken to the said place, where it was to be given up to the plaintiff, or his agent; and that, instead of coming down to Carrolton with the raft, Warden sold it to Narcisse Landry, at his saw mill, in the parish of Ascension. From this evidence, which is uncontradicted, it is clear that the defendant acquired no title to the property, his vendor having none himself, nor any authority to sell from the plaintiff. Civil Code, art. 2427. The

---

* This case was before the court in February, 1843, and was remanded for further proceedings. See 4 Robinson, 31.

defendant relies on article 3473 of the Civil Code; but it appears to us inapplicable to the present case. He does not pretend to have a prescriptive title to the property, nor has he bought it at auction, or of a person in the habit of selling such things; and he has not shown what price he paid for it. In *Russel* v. *Favier and others* (18 La., p. 584), this court held, that a *bonâ fide* purchaser acquires no right to the thing sold from his vendor, unless the owner delivered the possession to such vendor, with the intention not only that the possession, but that the property should pass; and that it was only in such a case that the equity of the original owner was not equal to that of the *bonâ fide* purchaser, who had given a valuable consideration. See the authorities quoted in the report of that case. See also 4 La., p. 118. 11 La., 347. In the present instance a temporary possession was given to J. Warden, by the plaintiff's agent, for a specific purpose, to wit, the delivery of the raft to the owner, or his agent, at Carrolton. As to the alleged danger of the fraud and collusion which may result from one man claiming from a *bonâ fide* purchaser, what his accomplice in fraud sold the day before, we can only say, *caveat emptor.* This danger, which really exists in the sale of moveable effects, is not to prevent the legitimate owner from recovering his property, which he finds in the possession of another person. As to the value of the raft, Adams, a witness for the plaintiff, says that, at the time it was to have been delivered at Carrolton, it was worth the sum claimed; but two other witnesses, who superintended at the defendant's mill the sawing of the trees composing the raft, testify that the timber was of a very inferior quality, some of the trees being hardly fit for firewood, many of them *pecky*, hollow, or wind-shaken, and that there were but very few trees entirely sound in the raft, which, they think, could not be worth more than one hundred dollars.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the plaintiff, Joshua Marks, recover of the defendant, Narcisse Landry, one hundred dollars, with costs in both courts.

*R. W. Nicholls* and *Ilsley*, for the appellant, cited Domat, lib. II., tit. 7, sect. 1, § 8. Civil Code, art. 2427. Code Nap. 1599.

*Barfield* v. *Hewlett*, 4 La., 118. *Perryman* v. *Demaret*, 11 La., 347. *Russell* v. *Favier et al*, 18 La., 584.

*C. A. Johnson*, for the defendant.

*Connely*, for the appellant.

*C. A. Johnson*, for the defendant.