Allen v. Hart and others.

---

### MYSON H. ALLEN *v.* HIRAM A. HART and others.

A purchaser of moveable property, cautioned against buying on the ground that the vendor had no authority to sell, cannot invoke the presumption of ownership resulting from the possession of his vendor. He will be liable to the owner for the value of the articles purchased.

APPEAL from the District Court of East Baton Rouge, *Johnson*, J.

*Avery* and *Elam*, for the plaintiff.

*G. S. Lacey*, for the appellants.

MORPHY, J. This action is brought to recover two flat-boats loaded with corn, or $1200 for their value, on the averment that these boats, the property of the petitioner, were collusively and fraudulently sold to the defendants, Hart and Bossley, by one William Hovey, in whose charge they had been placed at some distance above Baton Rouge, to be taken to New Orleans, and there delivered to the plaintiff. There was a judgment below against the defendants, from which they appealed.

The evidence clearly establishes the ownership of the plaintiff, the value of the boats and their cargoes, the employment of Hovey as steersman to run the boats to New Orleans, and the sale of the property to the defendants, on its reaching Baton Rouge, in the beginning of June, 1843. The purchasers rest their defence on the good faith with which they say they acted in the business, and on the custom which, according to some of the witnesses, prevails generally on the river Mississippi for the steersman to sell the cargo of a flatboat under his charge, by

wholesale or retail, for the account of the owner. It may be that instructions are often given by the owners of flatboats to sell their cargoes along the coast as they descend the Mississippi, and that this right of the steersman to sell, which, they say, is supposed to exist, has grown out of this circumstance. Even were this custom better ·established than it is, and were we ready to sanction it as an excuse for buying produce from any one without inquiry as to his right to sell, it could not avail the defendants in the present case. The testimony does not permit us to consider them as *bona fide* purchasers, although they gave for the corn a price, which the witnesses say was a fair one at that time. It is clearly shown that they were apprized by Hovey himself that he was not the owner of the boats, and that as steersman he was running them to New Orleans for a person who was there shipping corn. It is true that he told them he had a right to sell; but this assertion, if it could be considered as sufficient to justify the purchase, was contradicted by some of the hands on board. Calloway, one of them, testifies, that about fifteen or twenty minutes after the arrival of the boats; the defendants came on board and wanted to buy the corn; that he informed them that it was not for sale, but was consigned to New Orleans; that about one hour afterwards, they returned with the steersman, Hovey, who had gone ashore, and proposed again to buy the load, when Hovey agreed to sell one of the boats; that when the bargain was about being closed, the witness called Hovey aside and advised him not to sell, which he then declined doing; that the defendants left the boat, and began abusing the hands for interfering with the sale; that the witness and another hand then told the defendants that Hovey had no authority to sell; that the boats were consigned to New Orleans to Allen, the owner, who was there waiting for them; that Hovey had only been employed to stear the boats to that place; that to this the defendants answered, that the steersman had a right to sell; that some time after Hovey went out, and on his return about an hour after, he announced that he had sold one of the boats to the defendants; and that on the evening of the next day he sold to them the other boat. From this testimony, independent of other circumstances dis-

closed by the evidence, it is clear that the defendants knew that the sale made to them by the steersman was without authority, in violation of his express instructions, and in fraud of the rights of the plaintiff, who, the evidence shows, was then in New Orleans shipping corn, and anxiously waiting for these boats. The eagerness shown by the defendants to make the purchase is explained by one of their own witnesses, from whom we learn that they wanted the corn to fill engagements they had on the coast. They acted then with their eyes open, and must abide the consequences of their total disregard of the rights of others. This case bears much analogy to that of *Marks* v. *Landry*, decided a few days since, 9 Rob. 525, but is much stronger against the defendants, as they were put upon their guard, and cannot invoke the presumption of ownership which results from the possession of moveable property, or even the custom under which it is supposed that steersmen have a right to sell the cargoes of the boats under their charge. See the case of *Marks* v. *Landry*, and the authorities there quoted.

<div align="right">

*Judgment affirmed.*