No. 6099.

MARY E. PRADAT, WIDOW A. W. NORCROSS, vs. MARGARET C. LEGARE AND JOHN C. LEGARE.

28 337
51 1944

This is a suit against the principal and surety on an appeal bond, in which plaintiff claims damages against both principal and surety for upward of one thousand dollars, the judgment as to the surety to be satisfied upon the payment of six hundred dollars, the amount of the bond.

There is not in this case an improper cumulation of distinct causes of action against different defendants. The cause of action as against the original defendant is the damage suffered by plaintiff by reason of her being deprived of her property. As against the other defendant, the cause of action is the bond which was given to respond to the value taxed in said bond, of the property of which she had been deprived the use.

There is no force in the defendants' plea that plaintiff, having obtained a writ of distringas, about the propriety of which a dispute is still pending, can not proceed in an action for damages and on the appeal bond; that one of two remedies was subject to her choice, but that she can not avail herself of both. Judgment was given against the original defendant for illegal detention of property. Said judgment, to effect the suspension of which the bond was given, was affirmed. Execution issued thereon, and the sheriff returned the writ unsatisfied. The surety's liability then attached.

It is contended that the value of the property is not established, and therefore that the action must fail. But the value of the property was fixed in the bond, and this is sufficient.

APPEAL from the Fourth Judicial District Court, parish of Ascension. *Flagg,* J. *James D. Augustin* and *Morris Marks,* for plaintiff and appellee. *Nicholls & Pugh,* for defendants and appellants.

MORGAN, J. Plaintiff sued the defendant, Margaret C. Legare, in the parish court, claiming to be the owner of certain furniture. There was

judgment in her favor. From this judgment a suspensive appeal was taken to the district court. John C. Legare was surety on the appeal bond. The bond was for six hundred dollars. The conditions of the bond were that whereas "Margaret C. Legare has this day obtained a suspensive appeal from a final judgment rendered against her and in favor of Widow A. W. Norcross, administratrix, and in her personal right, decreeing her to be the owner of certain property now in the possession of your appellant, to wit: furniture valued at the sum of three hundred and seventy-five dollars and costs in the suit No. 369 of the docket of the honorable parish court of the parish of Ascension, and signed on the twenty-fifth day of October, 1873, this bond is given as security that the above-bounden appellant, Margaret C. Legare, shall prosecute her said appeal, and that she shall satisfy whatever judgment may be rendered against her, or that the same shall be satisfied out of the proceeds of the sale of her estate, real and personal, if she be cast in her appeal, otherwise that the said ——, her surety, shall be liable in her place."

The judgment of the parish court was affirmed by the district court. Thereupon plaintiff instituted this suit in the district court against the principal and surety on the appeal bond, in which she claims damages against both principal and surety for upward of a thousand dollars, the judgment as to the surety to be satisfied upon the payment of six hundred dollars, the amount of the bond.

There was judgment against the principal and surety, *in solido*, for three hundred and seventy-five dollars, together with all costs of the suit in which the bond was given, and the costs of appeal. Upon the question for damages a nonsuit was ordered.

Defendants severally excepted to the petition on account of its vagueness and generality. It seems to us that the exception was properly overruled. The cause of action is set out with sufficient distinctness. They then excepted—

First—That there was a nonjoinder of proper parties plaintiffs; and,

Second—That there was a misjoinder of parties defendant and an improper cumulation of distinct causes of action against different defendants.

We do not see wherein there was a nonjoinder of proper parties plaintiffs. This suit is instituted by the same party and in the same capacity that the suit out of which it springs was instituted, and we do not see who else there was as plaintiffs to join in it. Neither do we see an improper cumulation of distinct causes of action against different defendants. The cause of action as against the original defendant is the damage suffered by the plaintiff by reason of her being deprived of her property. As against the other defendant, the cause of action is the

bond which was given to respond to the value of the property fixed in the bond of which the plaintiff had been deprived the use.

In this court defendants filed the peremptory exception that plaintiff's petition discloses no cause of action. But the cause of action rests, we think, upon the grounds just expressed.

The next question argued is whether or not a principal on an appeal bond can be sued on the bond?

The suit as against Mrs. M. C. Legare is not on the appeal bond, properly speaking. She is sued for damages arising from an alleged illegal detention and use of certain property claimed by the plaintiff. It is not, therefore, necessary to answer the question propounded.

The next question presented is, does plaintiff's petition disclose any cause of action against John C. Legare, the other defendant, as surety on the appeal bond? The argument is that in order to recover against a surety on an appeal bond, the face of the papers must affirmatively show that all the necessary steps have been taken to enforce payment against the principal; that an execution must be shown to have been issued and returned unsatisfied, and that until these steps have been taken no cause of action exists against the surety.

After the judgment appealed from the parish court was affirmed by the district court execution issued. The sheriff returned the writ, saying that he was unable to find any of the articles of furniture described in the writ of possession, they not having been produced by defendants. Then plaintiff issued a writ of *distringas*, the execution of which was prohibited. Then this suit was instituted.

Now, the defendants say that article 635 of the Code of Practice provides that if the party who has been condemned to deliver an object conceals it, or carries it out of the jurisdiction of the court, so that the sheriff can not seize it, the party in whose favor the judgment was rendered shall have the choice either of instituting an action for damages or of compelling a specific execution of the judgment by obtaining a sequestration of his other property until he has satisfied it; and that article 636 of the Code of Practice provides that when the judgment orders, not the delivering, but the doing or refraining from something specified in it, the party condemned, on demand made by the sheriff that he shall comply with it, refuses or neglects to do so, and this refusal or neglect appears by a certificate of the sheriff, the party in whose favor the judgment was rendered may obtain, on motion, an order to distrain all the property, movable and immovable, of the party who is in default, until he shall have fully satisfied the judgment. And defendants say that having obtained a writ of *distringas*, about the propriety of which a dispute is still pending, plaintiff can not proceed in an action for damages and on the appeal bond; that one of two remedies was subject to her choice, but that she could not avail herself of both.

As we have before said, the suit as against the original defendant is for damages caused by her illegal detention of the property, and is, therefore, distinct from the suit in which the title thereto is set up. As to the surety, her obligation is fixed by the bond. The judgment, to effect the suspension of which the bond was given, was affirmed. Execution issued thereon, and the sheriff returned the writ unsatisfied. The surety's liability then attached. It is contended that the value of the property is not established, and therefore the action must fail. The value of the property was fixed in the bond, and this is sufficient. The judgment was for the amount designated in the bond, three hundred and seventy-five dollars, with the costs of suit in the original action. The judgment was correct.

Judgment affirmed.

Rehearing refused.