(91 South. 634)

No. 24635.

**HEARNE et al. v. GILLETTE.**

(April 3, 1922.   Rehearing Denied May 1, 1922.)

*(Syllabus by the Court.)*

1. **Bills and notes** ⬅⟹151—**Trust receipts for stock depositor with bank not negotiable instruments.**

Trust receipts issued against shares of stock, deposited with a banker, are not negotiable instruments and do not, by themselves alone, vest ownership of the stock in the holders thereof.

2. **Fraudulent conveyances** ⬅⟹132(1), 147(4) —**Not complete as to creditors until delivery; notice of transfer to depositary not sufficient delivery as to creditors.**

As to creditors, sales of movables are not complete until actual delivery, which means the transferring of the thing sold into the power and possession of the buyer. Where the thing sold is in the custody of a third person, it will not suffice merely to notify him of the transfer; there must either be actual delivery

to the buyer, or the person having the custody of the thing must agree to hold it thereafter for account of the buyer.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Action by George M. Hearne and others against G. G. Gillette. From a judgment for plaintiffs, defendant appeals. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for Commercial National Bank, garnishee, and J. W. Patterson, intervener.

Cook & Cook, of Shreveport, for appellees.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J.   Plaintiff attached, in the hands of the Commercial National Bank of Shreveport, certain shares of oil stock, standing in the name of defendant and indorsed in blank, against which the garnishee had issued its so-called negotiable trust receipts, promising to deliver the stock to the order of the defendant upon return of said receipts.

Prior to the attachment, defendant had assigned certain shares thereof to diverse persons, who had notified the bank of said transfers; but the bank had not accepted the transfer and, for reasons satisfactory to itself, had refused to issue new trust receipts to the transferees.

I.

[1] The contention is that the trust receipts were negotiable instruments, which vested the ownership of the stock in the holders of the outstanding receipts. But this is not well founded. The bank is neither a common carrier nor a warehouseman, and the trust receipts are therefore neither bills of lading nor warehouse receipts; and, as they contain no order or promise to pay money, they are neither bills of exchange nor promissory notes. They are therefore not negotiable instruments under any law of which we are aware. On the contrary, they are simple acknowledgments of a deposit,

with an agreement to return it (as in duty bound) to the depositor or to some person designated by him to receive it. The provision for the return of the receipt does not change the character of the transaction, whatever may be the effect thereof between the parties; as to which we are not called upon to express an opinion at this time.

The receipts not being negotiable instruments, their possession did not of itself alone vest in the holders thereof the property in the shares themselves held on deposit by the bank, except between the transferor and the transferee.

## II.

[2] Hence, as to creditors of the transferor and purchasers in good faith (if any such there might be under the circumstances), the shares thus deposited remain the property of the depositor until actual delivery thereof to the transferee. C. C. art. 2247.

And, when the property sold is in the custody of a third person, such delivery takes place only when the order for its delivery has been accepted by the person having the custody. C. C. art. 2247. That is to say such person must either make actual delivery to the purchaser or agree to hold the property for his account. And the reason is this, that the delivery of a thing sold is the actual transferring of the thing into the power and possession of the buyer. C. C. art. 2477. Under the circumstances shown in this case, it is clear that the assignees of the certificate never did obtain possession of and dominion over the stock; and hence it remained subject to attachment by the creditors of the depositor.

Finally, to hold otherwise would be to set at naught the very plain terms of the Uniform Stock Transfer Law (Act 180 of 1910) under which the title to shares of stock can be transferred only by delivery of the stock certificate. See sections 1, 10, 22.

### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by the WHOLE COURT.

Chief Justice PROVOSTY and Justices O'NIELL, OVERTON, and LECHE dissent from the refusal to grant a rehearing.