- (99 South. 413)

No. 25810.

## HEARNE et al. v. COMMERCIAL NAT. BANK.

(Jan. 21, 1924. Rehearing Denied by the Whole Court March 3, 1924.)

*(Syllabus by Editorial Staff.)*

Garnishment ⊂═══110—Garnishee held not liable for loss through stock certificates in its possession, as depositary, becoming worthless.

Where shares of stock sought to be seized by garnishment process become worthless after service of such process and during the pendency of litigation between the seizing creditor and the garnishee as to the ownership of such stock and as to the liability of such stock to seizure for a debt of the record owner of same, the garnishee, who, having assumed obligations as depositary of the certificates, contests the garnishment in good faith, is not liable for the loss.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by George M. Hearne and Minor Meriwether against the Commercial National Bank. Judgment for defendant, and plaintiffs appeal. Affirmed.

Cook & Cook, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ. (LAND, J., recused. ROGERS, J., of Division A, took part.)

LECHE, J. The plaintiffs in this case sued G. G. Gilette and obtained against him a writ of attachment under which they garnished certain shares of stock in an oil company, in the hands of the defendant. Defendant contested the right of plaintiffs to execute upon the stock for the reason that the certificates evidencing the same, although deposited in its custody by Gilette, had been indorsed in blank, and it further showed that it had issued negotiable trust certificates in representation of said shares of stock, which

certificates it might be called upon at any time to honor, wherefore in order to protect itself, and to absolve itself from the liability which it had assumed as a depositary, it represented these facts to the court and opposed the garnishment. See the case of Hearne et al. v. Gillette, 151 La. 79, 91 South. 634, where the case is fully stated and where the garnishment was upheld by this court.

Plaintiffs then filed the present suit against defendant, the Commercial National Bank of Shreveport, in which they seek to hold defendant liable for the said shares of oil stock at a value to be fixed, as it might have existed at the time the garnishment process was served.

In their petition, after describing the litigation hereinbefore mentioned, they further alleged in substance that their said garnishment process had been maintained and defendant's opposition thereto had been held as not well founded in law; that they had obtained judgment in a sum exceeding $21,000 against Gilette, and they further alleged "that, on the date the interrogatories were served on the garnishee in that suit, the stock * * * was worth more than forty cents on the dollar; that, at the date on which the garnishee disposed of or parted with a large number of shares, it was still worth forty per cent. of the par value; that, on the date of the final judgment of the Supreme Court, the said stock was worth nothing." The petition does not charge failure to deliver the stock to the sheriff, nor fraud, collusion, or bad faith on the part of defendant. Indeed the good faith of defendant in contesting plaintiffs' pretensions must not only be presumed, but the decision holding that the shares of oil stock were subject to seizure was rendered by a much divided court and shows on its face that defendant's apprehensions of liability were not wholly unfounded.

It is neither alleged nor argued that the diminution and final extinction of value of the stock was caused by any act on the part of defendant. While it may be true that by an immediate sale of the stock at the time the attachment was levied, plaintiffs might have realized enough to satisfy their claim in full or in part, against Gilette, it is also undeniable that the delay caused by the litigation was neither the proximate nor the direct cause of the depreciation in value and final worthlessness of the stock. Furthermore defendant was, as a matter of legal right, entitled to defend itself against a proceeding seeking to wrest from it property which it held in trust and for which it believed itself responsible to persons other than the defendant in attachment, and the delay incidental to that litigation was not of its own choosing, but was unavoidable in the course of the administration of justice.

Ruling: Where shares of stock sought to be seized by garnishment process become worthless after service of such process and during the pendency of litigation between the seizing creditor and the garnishee as to the ownership of such stock and as to the liability of such stock to seizure for a debt of the record owner of same, the garnishee who, having assumed obligations as depositary of the certificates, contests the garnishment in good faith, is not liable for the loss.

The principle of law underlying this proposition was thoroughly discussed in the case of Oliver v. Majors, 145 La. 815, 83 South. 23, and that decision is adverse to the contention of plaintiffs.

The case of Widow Norcross v. Mrs. M. C. Legare, 28 La. Ann. 337, cited by plaintiff, was one in damages for the illegal detention and use of certain property claimed by plaintiff. That case is not analogous to the present one in any of its features. There was bad faith, illegal detention, and use of plaintiff's property, and the decision is not appropriate to the issue involved herein. Nor

do the cases of Short v. Lapeyreuse, 24 La. Ann. 45, Russell v. Favier, 18 La. 585, 36 Am. Dec. 662, and Barfield v. Hewlett, 4 La. 118, also cited by plaintiffs, involve the issue herein presented for decision.

The district judge found that plaintiffs' petition showed no cause or right of action.

We concur in that finding.

The judgment appealed from is affirmed.

Rehearing refused by the WHOLE COURT.

OVERTON and THOMPSON, JJ., dissent from refusal to grant rehearing.