No. 1753.—H. R. SHORT v. E. LAPEYREUSE.

A depositary who sells sugar deposited with him and converts the proceeds to his own use is responsible to the owner for its value.

If it be shown, in a suit for the value of the sugar, that the depositary received it, then the burden of showing what became of it falls upon him.

APPEAL from the Third District Court, parish of Orleans. *Emerson*, J. *Elmore & King*, for plaintiff and appellee. *A. & M. Voorhies*, for defendant and appellant.

WYLY, J. The plaintiff sues for the value of a lot of sugar deposited with the defendant by the agent of the plaintiff, alleging that the same has been sold by the defendant and converted to his own use. To this demand the defendant interposed the exception of domicile.

From the evidence we believe his domicile is in this city. It is shown that his family residence is on St. Philip street; and he has a plantation in the parish of St. Martin, where his family resided before removing to this city. Had we doubts, we would decide he can be sued at either place. Villere *v.* Butman, 23 An. 515, and authorities there cited.

On the merits we think the case is clearly with the plaintiff.

The settlement made with Burket after he had ceased to be the agent of the plaintiff will not exonerate the defendant, because he had been previously notified and called upon to settle with the plaintiff. It was bad faith in the defendant to ship and sell for his own account the sugar of the plaintiff left in his keeping as a depositary. And this occurred after he had been called on for settlement by plaintiff's attorney, who offered to pay the bill for storage. The plaintiff refused to ratify the settlement made by Burket for him without authority, and Burket offered to return to the defendant the amount received in the settlement. The amount of sugar deposited with the defendant being clearly shown the burden of proof is on him to show what has become of it.

On the whole we see no reason to disturb the judgment of the court *a qua* in favor of the plaintiff.

Judgment affirmed.