Statement of the Case.
MONROE, C. J.
Plaintiff claimed $5,000, as damages alleged to have been sustained by reason of the failure of defendant to deliver his trunk, and he obtained a judgment for $100, from which defendant’s executor has appealed.
Defendant kept a hotel, and plaintiff stopped there for four days, in room 228, and left without taking his trunk. He says that he notified some one in the office that he would send for it, but the clerks deny that he did so, and he made no attempt to identify the person to whom he gave the notice. In the course of the same day, he sent a grocery-man, with a wagon, for the trunk, and the man found a negro porter, to whom he gave a slip of paper that he had received from plaintiff, the contents of which were unknown to him, as he was unable to read, and he says that the porter went into thé hotel, and, returning, told him to get the name of the person whose trunk he was seeking and the number of his room, whereupon he went *544 back to plaintiff and obtained another slip of paper, with which he again presented himself to the negro, whom he followed into the office, where, after some conversation between the porter and a clerk, he was told that he must come back later. By that time, however, he concluded that he had done too much for 50 cents, so he gave the paper back to plaintiff and abandoned the enterprise. Whether he had ever allowed the paper to go out of his hands does not appear, nor can we be certain as to its contents, since it was not preserved, and the hotel people testify that no other paper was ever presented to them except one to which we will refer in a moment. It may be here stated that, when •plaintiff vacated room 228, that room was al-most immediately occupied by another guest, and that plaintiff’s trunk, which bore no name, was removed to the baggageroom and marked in chalk, with the number 228, for identification. A few days after the grocery-man had ceased his endeavors, plaintiff put the matter of his trunk into the hands of a driver in the employ of the Transfer Company, who seems to have called at the hotel for the trunk, with a ticket or paper of some kind, which the hotel people say had nothing on it save “Baggage out of 228,” though there is some conflict in the testimony upon the subject of its contents. It is quite certain, however, that it contained no order from the plaintiff, and it does not appear that the bearer even knew the plaintiff’s name, and we take it that the only information conveyed to the hotel people was that the bearer wanted a trunk from room 228. That room was, however, then occupied by plaintiff’s successor, who had not paid his bill, and hence the baggage in his room was not delivered, and a second visit by the transfer man resulted in the same way. Plaintiff then concluded to take the matter in hand himself, arid he went to the hotel, and, making himself known, obtained a receipt, showing that he had paid his bill, and, identifying his trunk in the baggageroom, obtained his trunk. The uncontradicted testimony of the chief clerk in regard to that feature of the affair reads as follows, to wit:
“Q. He asked, ‘Why didn’t you give up my trunk?’ I said, ‘I had no order.’ He said, ‘You told my driver I had not paid my bill.’ I said, ‘No; 'nobody has ever asked yet for your trunk at all; I told the driver that called for a trunk out of 228 that the party who then occupied the room had not paid his bill, and I wouldn’t give up the trunk.’ He said, ‘That’s all right; give me a duplicate bill, marked paid.’ Q. And you gave him an order on the head porter? A. Told the porter to deliver the trunk.”
Opinion.
The relation of innkeeper and guest which had subsisted between plaintiff and defendant terminated when plaintiff paid his bill and left the inn, and, whether plaintiff notified defendant that he intended to leave his trunk or failed to give such notice, there was no agreement or expectation that he should pay for its storage; hence defendant became, at most, the gratuitous bailee of the trunk, and, as such, liable for a loss respecting it only if occasioned by his fraud or gross negligence. There is no suggestion of fraud in the matter, and the evidence fails to prove gross negligence, since it fails to show that any signed order for the trunk was ever presented on behalf of plaintiff, or that defendant, or his agents, were ever made to understand that it was plaintiff who was demanding it, until he himself called for it, when it was immediately delivered to him.
It is therefore ordered that the. judgment appealed from be set aside1, and that plaintiff’s demand be rejected, and this suit dismissed at his cost in both courts.