(103 So. 188)

No. 25007.

**ALEX W. ROTHSCHILD & CO., Inc., v. LYNCH et al.**

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Innkeepers** ⬤⟿11(2)—**Innkeeper's liability ceases on guest's departure.**

Innkeeper's liability ceases on guest's payment of bill and departure.

**2. Innkeepers** ⬤⟿11(1)—**Innkeeper receiving package for departed guest held gratuitous bailee, liable for loss.**

Under Civ. Code, arts. 2933, 2937, innkeepers, who through an employé received a registered package for departed guest, *held* to become gratuitous bailees or voluntary depositaries thereof, liable for value of such package, if unable to deliver it on demand or explain its disappearance and show lack of negligence.

**3. Bailment** ⬤⟿31(1)—**Gratuitous bailee unable to produce bailed property presumed negligent.**

Gratuitous bailee is prima facie liable, if he cannot produce bailed property; there being in such case a presumption of negligence casting on bailee burden of showing loss due to causes consistent with due care on his part.

**4. Bailment** ⬤⟿12—**Depositary is charged with using same care to preserve deposit as he uses to preserve his own property.**

Under Civ. Code, art. 2937, depositary is bound to use same diligence in preserving deposit as he uses in preserving his own property, and is liable if unable to explain disappearance of deposit or show freedom from negligence.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Alex W. Rothschild & Co., Inc., against James Lynch and Hunter L. Wilson. From judgment for defendants, plaintiff appeals. Judgment set aside, and cause remanded.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

John E. Jackson and Stanford E. Owen, both of New Orleans, for appellees.

ROGERS, J. Plaintiff, a nonresident corporation domiciled in the city of New York, is a wholesale dealer in diamonds and jewelry, doing business with retail jewelers in various cities in the United States. It instituted this suit against the defendants, who, in the month of February, 1920, were operating as partners the Cosmopolitan Hotel, located in the city of New Orleans.

Plaintiff alleges that its president, Alex W. Rothschild, while on a business trip out of New York arrived in the city of New Orleans on or about the 13th day of February, 1920, and registered as a guest at said Cosmopolitan Hotel on said date, and remained as a guest of said hotel until the afternoon of February 15, 1920.

That, while the said Alex W. Rothschild was out on said business trip, plaintiff sent to him, by registered mail, a package containing 14 platinum and diamond rings of a value of $2,218.50, which package was addressed to said Alex W. Rothschild, care of the Cosmopolitan Hotel, New Orleans, La.

That said registered package was delivered by the post office authorities at New Orleans to said Cosmopolitan Hotel on February 16, 1920, after said Alex W. Rothschild had left said hotel, and said package was received and duly receipted for at said hotel by one of its employees, the name "Fasnacht" being signed to the registry return receipt.

That said package, after being received at said hotel and receipted for by an employee thereof, was never delivered to the addressee, plaintiff's said president, nor to plaintiff, and as a result plaintiff has lost the contents of said package. The description and value of the lost articles are set forth in a statement attached to and made part of the petition.

The prayer of the petition is for citation of the defendants and for judgment against them in solido for the alleged value of the lost articles, with legal interest thereon from

the date the said package was received at said hotel.

An exception of no cause of action was sustained, and the suit dismissed by the court below. From this judgment plaintiff has appealed.

Defendants contend, in support of the exception of no cause of action, that there is no allegation in the petition showing that plaintiff ever had any contractual relations with defendants from which liability could result, and that any duty or liability to the president of the plaintiff company, if it be assumed that his quality of president attached to his person, had been terminated by his departure.

[1, 2] It is true, when Rothschild paid his bill and left the hotel, the defendants' liability as innkeepers had ceased. Carol v. Monteleone, 139 La. 541, 71 So. 798, L. R. A. 1916F, 234. And it may be true that originally there were no contractual relations between plaintiff and defendants. Nevertheless, when the defendants, through their employee, received the property of plaintiff, they became the gratuitous bailees, or the voluntary depositaries thereof. Carol v. Monteleone cited supra; Civ. Code, art. 2933.

[3] A gratuitous bailee is prima facie liable for the goods of his bailor when they cannot be produced. Where chattels delivered to a bailee are lost or cannot be returned at all, the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part. 6 C. J. 1158.

[4] The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. Civ. Code, art. 2937. And, where he is unable to explain the disappearance of the deposit or to show his own freedom from negligence, he is liable. Nicholls v. Roland, 11 Mart. (O. S.) 190; Short v. Lapeyreuse, 24 La. Ann. 45.

We find, therefore, that plaintiff's petition sets forth a cause of action.

For the reasons assigned, the judgment appealed from is set aside and the case is remanded, to be further proceeded with according to law. Costs of this appeal to be paid by defendants; all other costs to await the final determination of the cause.