[Civ. No. 6123. First Appellate District. Division Two.—January 25, 1928.]

DORIS PAWN, Appellant, v. HARRY J. WALL et al., Respondents.

Milton M. Cohen and James S. Roche for Appellant.

Clark & Law for Respondents.

KOFORD, P. J.—By this action plaintiff seeks to recover her trunk or the value thereof, $3,159.50, in case it cannot be returned. The defendants were proprietors of the Hotel Gotham, where the plaintiff had remained for some time as a guest until August 26, 1923. On that day she departed and left her trunk in the care of the defendants, to be sent for later. Defendants failed to redeliver it upon demand subsequently made and plaintiff commenced this action on February 19, 1924, more than ninety days after her departure from the hotel. The defendants pleaded several defenses based upon code sections limiting and regulating hotel-keepers' liability. The court found these defenses to be good, particularly the plea of the special statute of limitations of Code of Civil Procedure, section 341a, limiting such an action against a hotel-keeper to ninety days after the departure of the owner of the trunk from the hotel.

Appellant's argument is an attack upon the sufficiency of each and all of defendants' defenses, but none of them, from the nature of the case, needs be considered if the ninety-day statute of limitations is applicable. The court found in effect that the trunk was not left in charge of the defendants as warehousemen, nor as ordinary bailees, nor pursuant to special express agreement, promise or contract, but that it was left in defendants' charge in no other capacity than that of hotel-keeper. The validity of the

judgment appealed from depends upon the validity of this finding. The court's finding that defendants did not promise to redeliver upon demand must be taken to mean that they made no express promise, as undoubtedly the law will imply a promise, or at least will enjoin the duty of redelivery upon demand.

The part of plaintiff's testimony relied on by the appellant is as follows: That on August 26, 1923, she went to the hotel desk and paid her hotel bill and thereupon told the man behind the counter, admittedly an employee of the hotel, that she wanted to have the trunk stored, that she was going away and did not have time to take it to the storage company and "would they be so kind as to take charge of my trunk and they told me they would and it would be perfectly safe," witness continuing, that they said it would be all right and that they would take care of it and when I was ready for it they would send it to me. They did not tell me there would be any charge for taking care of the trunk. I did not tell them how long it would be before I would send for the trunk.

"Q. You were still in the hotel at the time you told them to put your trunk in storage? A. I was paying my bill, and after I paid my bill I told them to take care of my trunk. Q. You never left the hotel after you paid your bill and then came back and told them to put the trunk in storage? A. No, but I would do naturally like I would with any other hotel, after I paid my bill, tell them what I wanted them to do with my trunk."

The evidence relied upon does not prove a special contract of bailment as contended by appellant. The evidence very well warrants the court's finding to the effect that the transaction represented the ordinary case of a guest departing and at the same time leaving a trunk to be called for later. It is appellant's contention that the evidence shows that at the time she left her trunk in the care of respondents she had ceased to be a guest, because she had just paid her bill, and for that reason the agreement of safekeeping was of a special nature, different from an ordinary case of a guest leaving a trunk in the care of the hotel-keeper upon departing. We are unable to agree with this contention.

The exact time that one ceases to be a guest of a hotel cannot be in all cases the very time of paying one's bill. Some pay in advance and some after a period of credit greater or less and it is, therefore, apparent that such a criterion would lead to absurd conclusions. In the very nature of the case the exact time at which one ceases to be a guest must necessarily depend upon all the facts and circumstances. It has been held that when a guest departs from a hotel leaving baggage behind, the hotel-keeper's liability continues to be that of a hotel-keeper for a reasonable time allowed the guest to remove his goods. Authority for this proposition is found in the same citations given by appellant as a part of her argument to the effect that defendants will not escape liability by her claim that their liability is not that of hotel-keepers, but that under the facts of this case they would be liable as gratuitous bailees. (Beale on Innkeepers and Hotels, secs. 231, 234, 235; *Carol* v. *Kenney*, 139 La. 541 [L. R. A. 1917F, 234, 71 South. 798] ; *Oxford Hotel Co.* v. *Lind,* 47 Colo. 57 [18 Ann. Cas. 983, 28 L. R. A. (N. S.) 495, 107 Pac. 222].)

We need not determine whether or at what exact time, after the plaintiff departed, defendants' liability ceased to be that of hotel-keepers (depositary for hire, Civ. Code, 1859) and commenced to be that of gratuitous bailees. That would only affect the burden of proof and excuse for failure to redeliver. The provisions of Code of Civil Procedure, section 341a, may not be designed to apply to a stranger depositing goods at a hotel, nor to one who, having once been a guest and departed, returns again, not as a guest, but as a stranger, and deposits goods for safekeeping. The relation of guest and hotel-keeper existed at the time plaintiff departed. The leaving of her trunk was an incidental part of her departure.

The period of limitation prescribed by Code of Civil Procedure, section 341a, commenced to run when she departed and continued thereafter to completion. To hold otherwise would nullify the section. To hold that it applied only when the goods are left before the guest settled his bill would give it an absurd and uncertain application. There is nothing in the evidence to distinguish this case from the ordinary case of a guest leaving a trunk at the time of

departure to be later called for or sent for, and this is the very situation the section is designed to cover.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.