## No. 10,578

### Orleans

---

### SHERBURNE ET AL. v. HOTEL GRUNEWALD CATERERS CO., INC.

---

(February 11, 1929. Opinion and Decree.)

---

Walter Suthon, of New Orleans, attorney for plaintiffs, appellees.

Robert C. Davey and John C. Davey, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiffs sue for the value of a trunk and its contents which they sent by express to defendant company engaged in the operation of a hotel in New Orleans.

Plaintiffs, prior to their departure from White Castle, Louisiana, where they were married, had expressed the trunk to defendant company, to be held pending their arrival.

Upon arrival they requested that the trunk be delivered to them but were advised that this was impossible as it had been either lost or stolen.

Mrs. Sherburne claims $727.50 as the value of the articles belonging to her and the husband $123.50 as the value of his.

The only defense seriously presented is under R. C. C. Art. 2971 as amended by Act 231 of 1912, which act reads as follows:

"No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.
"Provided that no guest shall be held bound by the limitation of value established in this article unless this article is conspicuously posted in the guest room."

Defendant thus contends that its liability, if any, is limited to $100.00.

The value of the trunk and its contents and the fact of delivery to defendant and the failure of defendant to deliver it to plaintiffs are conclusively proven and, and, in fact, are not seriously disputed. We are, therefore, called upon to determine one and only one question, i. e., whether Act 231 of 1912 is applicable to the facts of this case.

The last paragraph of the statute indicates that it was the intention of the legislature that the act should apply only to such persons as had actual or constructive knowledge of the fact that the hotel desired to limit its liability.

Here plaintiff had no knowledge of the limitation and, in fact, the relationship of innkeeper and guest had not even come into existence. The hotel was a gratuitous bailee or voluntary depositary and, as such, was liable for losses resulting from its negligence. This liability was not, and could not be limited by any statute governing the responsibility of innkeepers because quo ad the plaintiffs it had not yet assumed the character of innkeeper. Its liability was therefore governed by the general law relative to gratuitous bailees or voluntary depositaries.

Plaintiffs cites several cases as controlling here: Rothschild & Co., Inc., vs. Lynch et al., 157 La. 849, 103 So. 188; Carol vs. Monteleone, 139 La. 541, 71 So. 798, L. R. A. 1916F, 234; Nicholls vs. Roland, 11 Mart. (O. S.) 190; and Short vs. Lapeyreuse, 24 La. Ann. 45. Also R. C. C. Art. 2933.

The principles involved in those cases and the rules of law announced seem to determine the issue here.

Our attention is called to the fact that the name of defendant has, by charter amendment, been changed to Guaranty Development Company, Inc.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by changing the name of the defendant to Guaranty Development Company, Inc., and, as thus amended, affirmed.

Judgment amended and affirmed.