Clarence H. Colgin alleges that between June 14, 1932 and November 1, 1938, he stored with defendant corporation, or its predecessor, certain household goods and that on January 2, 1940, when he attempted to withdraw some of the goods from storage, many of them "were missing and not returned." He alleges that the defendant and its predecessor were bailees for hire and are liable for the value of the missing articles, and prays for judgment for $709.50.
The articles which he says have disappeared are one inner-spring mattress valued at $27.50, one 9x12 Axminster art square valued at $60, certain silverware, a clock, linen and other articles taken from a cedar chest and valued at $622.
Defendant admits that during the said period plaintiff, through his wife or daughter, stored many household articles and that it was "unable to establish delivery of one of the mattresses" and "is legally liable for the value thereof" and that though it delivered to plaintiff a package designated as "three rolls rugs" one of these rugs was returned by plaintiff, who claimed that the rug was not the one which had been stored with defendant.
Defendant avers that the value of the mattress "is much less than the amount claimed" and that the value claimed for the rug, even if it was "actually stored by but not redelivered to plaintiff, is excessive and disproportionate."
Defendant especially denies that any of the articles claimed to have been contained in the cedar chest were missing therefrom, and it avers that in any event, it is not liable for the value of any of the said articles for certain reasons which we shall later discuss, and particularly because when the cedar chest was delivered "petitioner was present and received and receipted for said cedar chest without exception, objection or comment whatsoever." And defendant avers that if it is liable because of the absence of any of the contents of the said cedar chest, its liability is limited to $50 because the written contract of bailment contained a stipulation reading as follows:
"The Owner declares that the value of any article, piece, package or receptacle, including the contents thereof, packed, transported, received, handled or stored in this lot, does not exceed the sum of FIFTY DOLLARS, and the value of any one load does not exceed Two Thousand Dollars, upon which valuations the rates shown below have been based, and the Owner, in consideration of said rates charged, agrees that the liability of the Company, for any cause which would make it liable, shall in no event exceed the sums so above declared, unless the Owner declares a greater value in writing, and agrees to pay an additional charge of _____ cents per month for each $100.00 or fraction thereof in excess of the sum above declared."
There was judgment below for $709.50 as prayed for, and defendant has appealed.
So far as the mattress and the rug are concerned, the evidence shows that these articles were delivered to the defendant corporation or its predecessor, whose obligations defendant has assumed. There is nothing in the evidence of defendant to contradict plaintiff's statement that the wrong rug was set to him and that therefore the 9x12 Axminster rug is now missing.
Counsel for defendant argue that plaintiff has shown only that the articles were delivered to defendant and have not been returned, and they contend that a bailor, whose articles are not returned by the bailee, must prove negligence on the part of the bailee. But the rule that the burden of proof is in the bailor requires only that the bailor prove his loss, and there is much authority in Louisiana to the effect that where the loss is shown by proof of delivery to the bailee and proof that the bailee has not returned the article stored the bailor has successfully carried the burden and has raised the presumption that the failure to deliver has resulted from negligence of the bailee and has thus shifted to the bailee the duty of going forward with the evidence and of proving that there was no negligence. This is true even in the case of a gratuitous bailee. In Alex W. Rothschild Co., Inc., v. Lynch et al., 157 La. 849,103 So. 188, the Supreme Court said:
"A gratuitous bailee is prima facie liable for the goods of his bailor when they cannot *Page 666 
be produced. Where chattels delivered to a bailee are lost or cannot be returned at all, the law presumes negligence to be the cause, and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part. 6 C.J. 1158.
"The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. Civ. Code art. 2937. And, where he is unable to explain the disappearance of the deposit or to show his own freedom from negligence, he is liable. Nicholls v. Roland, 11 Mart., O.S., 190; Short v. Lapeyreuse, 24 La.Ann. 45."
In Scott v. Sample, 148 La. 627, 87 So. 478, 480, appears the following:
"It is true, as shown by the authorities cited by plaintiff (Sea Ins. Co. v. Vicksburg, S. P.R. Co., 5 Cir., 159 Fed. 676, 86 C.C.A. 544, 17 L.R.A., N.S., 925; Nicholls v. Roland, 11 Mart., O.S., 190; Schwartz, Kauffman Co. v. Baer, 21 La.Ann. 601; Thomas v. Darden, 22 La.Ann. 413; and Gibbons v. [Yazoo M.V.] Railway Co., 130 La. 671, 58 So. 505), that, where a bailee fails to return property intrusted to his care, he bears the burden primarily of showing why he has failed to do so. * * *"
In Scott v. Sample the Supreme Court held that there was no liability in the bailee, but there the reason for the loss was shown and it appeared that the bailee, by the exercise of proper care, could not have prevented that loss. Here, nothing is shown except that the articles are missing and the record does not disclose that all proper care was taken by the bailee to guard against their disappearance. The value of the mattress and of the rug are questioned by the defendant. Mrs. Colgin testified that the mattress had been bought, about six months before it was stored, for $27.50 and that it was "virtually new." Under the circumstances, recovery of the full purchase price was properly allowed.
The rug which had disappeared cost $60 about three months before it had been put into storage. Mrs. Colgin says that it had seen very little use, "having been stored practically all of its life." Under these circumstances, we find no error in the ruling of the court a qua that $60 should be allowed therefor.
It is strenuously argued that there is not sufficient proof that the articles claimed to be missing from the cedar chest were actually put into the chest in the first instance, and that in any event the stipulation in the contract should be held to have the effect of limiting recovery for those articles to $50. The evidence of plaintiff shows that the articles which he claims are missing were packed in the cedar chest by Mr. George Harang, his brother-in-law, who says that he put into the chest everything selected for that purpose by Mrs. Colgin. Harang stated that he did not remember exactly what had gone into it but Mrs. Harang was very positive in her description of the items. The evidence shows that the cedar chest was locked at the Colgin residence and that later, a piece of rope was tied around it. No evidence is offered by defendant to contradict the statement of Colgin or Mrs. Colgin that the articles listed as missing were actually absent from the chest was returned.
It is true that defendant shows that on many occasions during the period of several years within which this chest had been in storage, access was had thereto by Mrs. Colgin, but this fact shows only that some of those things might have been removed by her and that she had it within her power to remove them is not sufficient to overcome her statement that she did not do so. It is true that defendant's witnesses testified as to the care taken with the chest but there is other evidence which shows that at times during that period it would have been possible for other persons to have had access thereto.
We can find no fault with the conclusion apparently reached in the court below that defendant has not satisfactorily borne the burden of explaining the loss and of showing that it was not caused by negligence on its part.
What effect then can we give to the stipulation already quoted which defendant maintains should limit its liability to $50.?
It seems to be well settled that a stipulation of this kind is binding upon the parties if called to the attention of the bailor or if it is printed upon the original contract of bailment and a copy of the contract is given to the bailor when the goods are delivered for storage. See Corpus Juris, Vol. 67, Warehousemen and Safe Depositaries, Secs. 98, 99 and 100. But in order that such a stipulation be effective, as we have already said, it must have been called to the attention of the bailor at the time the goods were delivered or must have *Page 667 
been contained in the original contract of bailment made at the time of the storage. We think too that such a stipulation must be based on a bona fide difference in storage rates based on the valuation placed upon the goods stored.
In the same volume of Corpus Juris (67), at page 503, Section 97, it is said that such a stipulation is binding "where the rate charged is based on the value of the article." In the first place the record leaves no doubt that when this cedar chest was stored, nothing whatever was said to anyone concerning a difference in rate based on the declared value of the articles stored.
There is no evidence to the effect that defendant or any of its employees made any statement to either Mr. or Mrs. Colgin, or to anyone representing them concerning this stipulation. According to the testimony of the drayman who delivered the chest at the warehouse, no written receipt or contract was given him when the chest was delivered. It seems quite clear that after the chest was stored, the document which is pointed to as the contract of bailment was sent to Mr. Colgin. Since, at the commencement of the bailment no mention of the stipulation was made, the contract could not subsequently be changed without the consent of the bailor. In Williams v. Gallagher Transfer Storage Co.,170 La. 461, 128 So. 277, 278, the Supreme Court said:
"* * * When the contract was entered into nothing was said as to a limitation of defendant's liability, in the event the property should be destroyed, and defendant should be held liable therefor. However, after the contract had been entered into and the property delivered, defendant issued to plaintiff an itemized receipt, showing the property delivered. This receipt contains, among other clauses, in printed form, the following: `Our responsibility for any one piece or package (and contents of such package) is limited to the sum of fifty dollars, unless value is declared at time of securing rate and special charge is made for higher valuation.' Plaintiff's attention was not called to this provision in the receipt. Since the contract was complete when this receipt was delivered, and since plaintiff's attention was not called to the clause, it cannot be considered that she consented to such a change in her contract, and is not bound by the clause. Cf. Gott v. Dinsmore, 111 Mass. 45; Strohn v. Detroit M.R. Co., 21 Wis. 554, 94 Am.Dec. 564."
It is contended by defendant that even in the absence of such a stipulation and even if such a stipulation is not effective, a bailor is under the duty of declaring to the bailee that unusually valuable articles are contained in a package delivered for bailment. And we think that this is true and that a bailor should not be allowed to recover for the value of such things as jewels or other unusually valuable articles if contained in a cedar chest or box, or something of that kind, unless he has called to the attention of the bailee the fact that in the box or other container are items of great value. But we see nothing particularly unusual about placing household articles worth as much as $600 in a cedar chest. Had the articles been worth two or three thousand dollars or more, we would have felt that the bailor should have called attention to that value, but we do not think that the value of the articles claimed here was sufficiently great to justify the conclusion that something about that value should have been called to the attention of the bailee.
The judgment is affirmed at the cost of appellant.
Affirmed. *Page 778