This is a suit for $750 against a hotel company for the loss of a lady's coat which was delivered to a bell boy with instructions that it be shipped by express to the plaintiff's home but which has completely disappeared. The sole defense is that the liability of the defendant is limited by Article 2971 of our Civil Code to $100. The plaintiffs are Dr. Hazel Tesh Pfennig and her husband, Albert J. Pfennig, who reside in Terre Haute, Ind.
It is conceded that there is no community property law in the state of Indiana and that therefore the coat, for the loss of which this suit is brought, was the separate property of Dr. Hazel Pfennig. We shall, therefore, in this opinion refer to her as plaintiff.
Defendant tendered $100 to plaintiff, which tender was refused. When the suit was filed, defendant admitted its liability in the sum of $100 and deposited that amount in the registry of the Civil District Court but denied all liability in excess thereof.
There was judgment in favor of plaintiff as prayed for for $750, with legal interest from judicial demand. Defendant has appealed.
The correct name of defendant corporation is New Orleans Roosevelt Corporation and its counsel have stated that any decree which shall be rendered may be for or against that corporation instead of "Roosevelt Hotel, Inc." by which name it was incorrectly designated in the petition and in the judgment.
There is no dispute over the facts and as we gather them from the pleadings and the stipulations they are as follows:
Plaintiff had been a registered guest at the Roosevelt Hotel in New Orleans for several days when, on February 3, 1945, she decided to ship, by express, to her home in Terre Haute, Ind., a coat which, it is not disputed, was worth $750.
She consulted the bell captain of the hotel, requesting paper, string and shipping labels or tags and he sent a bell boy to her room with the necessary articles. The coat was wrapped for shipment and given to the bell boy with the necessary instructions. The bell captain advised that the shipping charges be paid by the hotel and said that a charge would be made on plaintiff's bill to cover these charges.
On the next day, as plaintiff was departing from the hotel, she obtained her bill and immediately noticed that on it there was no entry of the shipping charges on the package which should have been sent by express to Indiana. An investigation was made but no trace of the package could be found. There was no record of its having been received in the shipping room of the hotel from the bell boy and it has completely disappeared.
The sole question which is presented is one of law. It is this: If defendant is to be permitted to limit its liability to $100, is it necessary that it allege and prove that the loss of the coat was not the result of theft or negligence on the part of any of its officials or employees, or may it limit its liability by merely showing that it complied with the requirements of the codal article and that the coat disappeared? We set forth in full the codal articles touching upon the subject:
"2965. Innkeeper — Necessary depositary. — An innkeeper is responsible as depositary for the effects brought by travelers who lodge at his house; the deposit of such effects is considered as a necessary deposit. *Page 33 
"2966. Liability of innkeeper. — An innkeeper is responsible for the effects brought by travelers, even though they were not delivered into his personal care, provided however, they were delivered to a servant or person in his employment.
"2967. Effects stolen or damaged — Liability of innkeeper. He is responsible if any of the effects be stolen or damaged, either by his servants or agents, or by strangers going and coming in the inn.
"2968. Safe for deposit of valuables of guests. — Notice. Every landlord or keeper of a public inn or hotel, shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon his doors and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, his agent or clerk, for safe keeping, that he may make safe deposit of the same in the place provided for that purpose.
"2969. Failure to leave articles for deposit in safe. — Liability. — Every landlord, hotel or innkeeper who shall comply with the requirements of the preceding articles, shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person.
"2970. Theft by violent means — Liability. — He is not responsible for what is stolen by force and arms, or with exterior breaking open of doors, or by any other extraordinary violence.
"2971. Limitation on liability of innkeeper — Notice. — No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding one hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for."
It is stipulated that the defendant complied with the requirements of Article 2971 "by posting in every room in a conspicuous place the notice required by the codal article limiting its liability as indicated in the answer * * *". It is also stipulated that the defendant "provides an iron safe or vault for its patrons in which they may deposit small articles of value but it is not large enough to store a fur coat in, such as the coat involved in this case."
In its answer, as we have stated, defendant made no effort to explain the disappearance of the coat. It merely denied that it or its employees had been guilty of negligence and the sole contention of the plaintiff is that the defendant may not limit its liability as an innkeeper in accordance with Art. 2971 until it is shown that there was no negligence on its part.
Counsel agree that the precise point under consideration has not been passed upon in the appellate courts of this State but counsel for defendant insists that there are decisions here which indicate that the limitation is available to the innkeeper regardless of the cause of the loss, provided it be not shown that the article lost was turned over to the innkeeper himself; in other words, provided it does not appear that the innkeeper has enriched himself at the expense of the guest.
There are in our jurisprudence several cases resulting from articles lost while in the possession of innkeepers and in which cases these codal articles have been considered. In Alex W. Rothschild Co., Inc., v. Lynch et al., 171 La. 114,129 So. 725, a guest, on terminating his stay at a hotel, left instructions for the forwarding of a package which was expected but which had not yet arrived. On the next day the package was delivered at the hotel and receipted for by an employee. The package *Page 34 
was not forwarded but was lost. When suit was filed for more than $1,500, the alleged value of the articles which the lost package contained, the hotel operators sought to limit their liabilily to $100 in accordance with Article 2971 of our Code. The facts concerning the disappearance are remarkably similar to those found in the case at bar in that it is shown that the lost article was definitely known to have been in the custody of an employee and to have disappeared without explanation. Had the Supreme Court felt that the limitation provided by the codal article should not be applied to such facts, it would have been a very simple matter to have said so in a very few words. The court did not say so and although it did decide that the limitation might not be availed of, it did so on an entirely different ground, i. e. that the relationship of innkeeper and guest had terminated and that when the loss occurred the status between the parties was that of bailor and gratuitous bailee and the court said that in such a situation a bailee may escape liability only by showing himself free of negligence.
We reached a similar conclusion in Sherburne et al. v. Hotel Grunewald Caterers Co., Inc., 9 La. App. 748, 120 So. 269. There the contemplating a visit to the defendant hotel, sent their trunk in advance, by express. On their arrival they were advised that the trunk had been lost or stolen. The trunk and its contents were valued at more than $800. A suit was filed based on this value. Defendant attempted to limit its liability to $100 in accordance with Article 2971 of the Civil Code. Had we thought that the codal article had application to such a case, where a defendant innkeeper, without offering any explanation and without proving freedom from negligence on its part, attempts to limit liability, we could have said that Article 2971 does not apply unless the innkeeper proves himself free from negligence. We did not do so and although we held that the limitation might not be availed of, we did so because we felt that the relationship of innkeeper and guest had not yet come into existence when the loss occurred. We held that where the relationship is that of bailor and gratuitous bailee, the bailee may not escape liability if there has been negligence on its part.
[1] What we have just said gives intimation of our present view on the subject. It seems to us that since in Article 2967 it is stated that the responsibility, which is the subject of that entire series of articles, should result where the articles are stolen by either the servants or agents of the innkeeper or by others, and since this is followed by a provision in Article 2971 that this liability may be limited where the loss is caused "by theft or otherwise" there is indicated a plain intention that no matter how the loss is occasioned, the limitation is available to the innkeeper provided, of course, it does not appear that the innkeeper, himself, has appropriated the articles or has enriched himself at the expense of the guest.
This is not an unauthorized attempt by one of the parties to a contract to avoid the effect of his own negligence. It is a stipulation authorized by law and merely recognizes the fact that where there is involved a question of the value of articles belonging to a guest, the innkeeper is at the mercy of an unscrupulous guest, and is therefore granted the right to require that, if the belongings of the guest are of extraordinary value, he must so declare by special agreement or else be bound by the limitation provided in the codal article.
We realize, of course, that a value of $100 is extremely low when viewed in the light of present conditions. Rarely indeed is any guest of a modern hotel accompanied by baggage valued at so small an amount but this is a matter with which we are not concerned.
We readily concede that the question presented is not free from doubt. And that the authorities on the subject are, to some extent, in conflict is evident from expressions found among text-writers particularly in Corpus Juris Secundum and in American Jurisprudence.
In 43 Corpus Juris Secundum, under the subject, Innkeepers, § 17, page 1163, appears the following: "* * * Although, sometimes by virtue of express statutory exception, where the goods of a *Page 35 
guest are lost through the negligence of the innkeeper, the limitation as to amount does not apply and the guest may recover the full amount of his loss, under other statutes it has been held that the limitation as to the amount applies even to losses caused by the negligence of the innkeeper or his employees and to a theft by an employee, but does not apply to a theft by the innkeeper. * * *"
We take this to be an expression of the view of the author that the limitation is applicable even where there is negligence except where the statute which provides for the limitation also expressly provides that it shall not apply if negligence is shown.
An almost identical expression is found in 28 American; Jurisprudence under the subject "Innkeepers", Section 77, page 594 — "* * * Under a statute making the innkeeper liable for a loss of property caused by the theft or negligence of himself or his servants, recovery may generally be had for the full amount of the loss. However, the provisions of some statutes limiting the amount of the innkeeper's liability have been construed to mean that the limitation applies to losses caused by the theft of an employee or by the gross negligence of the innkeeper or his employees, but does not apply in the case of a theft or appropriation by the innkeeper."
Here again we point out that it seems to be the view of the author that where the statute is silent on the subject the limitation is applicable even where there is negligence and that it is only in those cases in which the statute expressly provides that the limitation may not be availed of in case of negligence that the right to limit liability is denied.
In Goodwin v. Georgian Hotel Co., 197 Wn. 173, 84 P.2d 681, 687, 119 A.L.R. 788, the Supreme Court of Washington expressed the view that in the absence of an express statutory provision denying the limitation in case of negligence the limitation may be availed of. The court said: "We have not been able to find a case touching the questions whether the limitation of liability applies to losses occasioned by the gross negligence of the hotelkeeper or his employees. Our statute, however, provides that, if the guests deliver property for deposit, the hotelkeeper 'shall not be liable for the loss or destruction thereof, or damage thereto, sustained by such guests * * * exceeding the sum of one thousand dollars, notwithstanding said property may be of greater value, unless by special arrangement in writing with such proprietor,' etc. No distinction is made in the statute between losses caused by gross negligence and those occasioned by less than gross negligence or by any other cause. On the contrary, the statute appears to comprehend, in terms at least, all losses in excess of $1,000." See also 119 A.L.R. 788.
Counsel for both plaintiff and defendant rely upon Millhiser v. Beau Site Co., 251 N.Y. 290, 167 N.E. 447, 448, as supporting their respective contentions. As we read that case it is a decision to the effect that the limitation is applicable even against theft or negligence of an employee so long as the theft is not committed by the innkeeper, himself, or does not inure to his benefit. Counsel for plaintiff has, we think, misinterpreted certain language in which the court seeks to explain an earlier decision. Honig v. Riley, 244 N.Y. 105,155 N.E. 65. The court merely said that this earlier decision had been based on another statute which had expressly provided that the limitation should not be available to an innkeeper where there are involved "negligent acts of himself and his agents."
That the decision in the Millhiser case is favorable to the contention of defendants is, we think, evident and the Supreme Court of Washington so thought also, for in Goodwin v. Georgian Hotel Company, supra, it referred to the Millhiser case and said: "We are in accord with the view expressed by the New York Court of Appeals."
Elcox v. Hill, 98 U.S. 218, 25 L.Ed. 103, throws no light on the subject for there the Supreme Court, after stating that the statute in question provided a rule by which the limitation might be obtained *Page 36 
said: "To this rule the statute makes one exception. If the loss occurs 'by the hand or through the negligence of the landlord, or by a clerk or servant employed by him in such hotel or inn,' the liability remains. * * *"
[2] Our view is that the codal articles cited, when read as a whole, grant to the innkeeper, who has complied with the requirements thereof, a limitation of liability even where the loss results from theft or negligence on the part of the employees and that accordingly, since there is no charge or intimation that the Hotel Company, itself, benefited by the loss, the limitation is available to defendant and relieved it of all liability in excess of $100.
The judgment appealed from is amended by the reduction of the amount thereof to $100; plaintiff to pay all costs.
Amended and affirmed.
WESTERFIELD, J., takes no part.