### Paulette LAUBIE, wife of/and Andre Laubie, Plaintiffs-Appellants,

v.

### SONESTA INTERNATIONAL HOTEL CORPORATION et al., Defendants-Appellees.

### No. 78–2708.

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1980.

E. Gordon Schaefer, Jr., New Orleans, La., for plaintiffs-appellants.

Lobman & Carnahan, Edward P. Lobman, Metairie, La., for defendants-appellees.

Before TJOFLAT, RUBIN and TATE, Circuit Judges.

PER CURIAM:

This appeal presents important issues of Louisiana state law that are particularly appropriate for resolution by the Louisiana Supreme Court. The plaintiffs, French nationals, allege that, while they were guests at the Royal Sonesta Hotel in New Orleans, Louisiana, burglars entered their room by severing a chain lock and stole their jewelry, valued at $50,000. Contending the defendants were negligent, they seek to recover the amount of their loss from the hotel and three of its executive officers and from the insurer that insured all of the defendants. The defendants invoke Article 2971, Louisiana Civil Code, which limits innkeepers' liability to $100, and contend that the federal court lacks jurisdiction because its jurisdiction over diversity suits is limited to cases involving more than $10,000. 28 U.S.C. § 1331.

The dismissal of the innkeeper is not contested; however, the plaintiffs-appellants contend that Article 2971 does not apply to the innkeeper's employees. So far as we

can determine, no Louisiana appellate court has decided whether the limitation of liability in Article 2971 extends not only to the innkeeper but also to its officers and employees.

We defer decision on this question and certify the issues to the Supreme Court of Louisiana. Following our practice, we requested that the parties submit a proposed agreed certificate of issues for decision. Commendably, they have reached full agreement upon them. Since we also agree that these are the substantive issues presented, we submit the parties' statement of facts and issues hereby, disclaiming, however, any intention or desire that the Supreme Court of Louisiana confine its reply in the precise form or scope of the question certified. *See Allen v. Estate of Carman*, 446 F.2d 1276 (5th Cir.1971).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA PURSUANT TO LOUISIANA REVISED STATUTES ANN., TITLE 13, § 72.1 (1972) AND RULE 12, LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves questions or propositions of the law of the State of Louisiana which are determinative of the cause and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Louisiana. This Court hereby certifies the following questions of law to the Supreme Court of Louisiana for instructions concerning the answers to those questions of law, based on the facts recited herein, pursuant to § 13:72.1, Louisiana Revised Statutes Ann., and Rule 12, Louisiana Supreme Court Rules, as follows:

1. Style of the Case.

The style of the case in which this certificate is made is Paulette Laubie, wife of/and Andre Laubie, Plaintiffs-Appellants, v. Sonesta International Hotel Corporation, Et Al., Defendants-Appellees, being Case No. 78–2708, United States Court of Appeals for the Fifth Circuit, such case being an appeal from the United States District Court for the Eastern District of Louisiana.

2. Statement of the Case.

On or about May 22, 1976, the Laubies were paying guests at the Royal Sonesta Hotel, which at all material times was under the management and control of Sonesta. The Laubies are citizens of France and had occasion to be in the United States at the time in question as a part of the entourage accompanying the visit to New Orleans by the French President, Valery Giscard d'Estaing.

After a party in the French President's honor on the evening of May 21, 1976, the Laubies retired to their hotel room at the Royal Sonesta Hotel when, in the early morning hours of May 22, 1976, a robbery took place in their room, causing them to have taken from them valuable jewelry and jewels, including a watch, rings, etc. (Tr. 2, 3).

At all material times, the individual defendants were officers, directors, agents and/or employees of defendant, Sonesta. (Tr. 2).

Appropriate claim was made for the value of the jewelry to defendant, Sonesta, which claim was refused, and this suit followed.

Plaintiffs took precautions prior to retiring, including the locking of the door and the securing of the chain lock, in the early morning hours of May 22, 1976, by locking their hotel room doors, windows and securing the chain lock. Nevertheless, a person or persons unknown obtained entry to the room of the Laubies by opening the door and severing the chain lock, and made off with the jewelry above-described. (Tr. 2, 3).

At all material times, the Royal Sonesta Hotel provided a safety deposit vault for the use of its patrons in accordance with the applicable Louisiana Civil Code Articles.

3. Questions to be Certified.

1. If the negligence of an officer or employee of an innkeeper results in a loss to the property of the innkeeper's guests by theft while the guests are resident in the inn, is the liability of the negligent person limited to $100 by Article 2971, Louisiana Civil Code?

2. More particularly, the Louisiana intermediate courts have held that Article 2971 of the Civil Code, as re-enacted by Act 231 of 1912, provides a limitation not only for the innkeeper's strict liability as a depositary but also to his liability for loss occasioned through the theft or negligence of his employees. *Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc.*, 250 So.2d 94 (La.App. 4 Cir. 1971); *Pfennig v. Roosevelt Hotel*, 31 So.2d 31 (La.App.Orl.1947). If indeed this is so, *but see* Note, Innkeepers—Limitation of Liability for Loss of Guests' Property, 22 Tul.L.Rev. 333 (1947), was the statutory intent of the 1912 amendment of Article 2971, in the light of the statutory scheme of Articles 2965–2971 with regard to an innkeeper's liability, also to limit the liability of the innkeeper's employees for loss occasioned through their own "fraud or negligence," Article 2969?

The entire record in this case, together with copies of the briefs of the parties and agreed certification in this Court, are transmitted herewith.