Paulette LAUBIE, Wife of/and Andre Laubie, Plaintiffs-Appellants,

v.

SONESTA INTERNATIONAL HOTEL CORPORATION, Archer Casbarian, C. Mark Stevenson, Sam F. Uchello and United States Fire Insurance Company, Defendants-Appellees.

No. 84–3518
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1985.

---

Hoppe & Schaefer, E. Gordon Schaefer, Jr., Metairie, La., for plaintiffs-appellants.

McGlinchey, Stafford, Mintz, Cellini & Lang, Kenneth H. Laborde, New Orleans, La., for defendants-appellees.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Plaintiffs appeal from the dismissal of their suit for lack of subject matter jurisdiction. Because we find that Article 2971 of the Louisiana Civil Code limits the defendants' liability to $100.00, we agree with the district court, 587 F.Supp. 457 (E.D.La. 1984) that the plaintiffs' claim fails to satisfy the jurisdictional amount required by 28 U.S.C. § 1332, and affirm the dismissal of this action.

The facts of this case are fully set forth elsewhere,[1] but it is important to understand the nature of this dispute and the procedural labyrinth this case has followed. Paulette and Andre Laubie, French citizens, were guests at the Royal Sonesta Hotel in New Orleans in 1976. During their visit, the Laubie's room was entered by persons unknown who severed the chain lock on the door and stole jewelry valued at $50,000. Contending that the defendants were negligent, the Laubies sought to recover for their loss from the hotel, three of its executive officers, and the defendants' insurer.

Defendants moved to dismiss the plaintiffs' claim for lack of jurisdictional amount, invoking Article 2971 of the Loui-

---

1. *Laubie v. Sonesta International Hotel Corp.,* 626 F.2d 1324 (5th Cir.1980).

siana Civil Code which limits innkeepers' liability to $100.00.[2] The district court granted defendants' motion.

On appeal, this court, finding that no Louisiana appellate court had decided whether the limitation of liability in Article 2971 extended not only to the innkeeper but also to its officers and employees, certified two questions to the Louisiana Supreme Court.[3] The Louisiana Supreme Court held that Article 2971 limited only the innkeeper's contractual, not his delictual, responsibility. The decision having established that the amount in controversy exceeded $10,000 and that the district court had jurisdiction, this court then reversed and remanded the case to the lower court for further proceedings.[4]

At the legislative session immediately following the supreme court's decision, the Louisiana legislature amended Article 2971 by Act No. 382, § 1, of 1982.[5] Based on this amendment, defendants again moved the district court to dismiss the plaintiffs'

claim for failure to meet the requisite jurisdictional amount in a diversity case. The district court concluded that the Act was merely interpretive and should be applied retroactively to the Laubie's claim. The court, therefore, again entered judgment in favor of defendants dismissing plaintiffs' claim.

■ In Louisiana, a civil law jurisdiction, the legislative will, as expressed in the articles of the Code, is supreme. Case law, although valuable, is of secondary importance.[6] The amended Act, therefore, takes precedence over the judicial interpretation of the statute.

■ Louisiana adheres to the general principle of nonretroactivity of laws. As set forth in the Civil Code, "[a] law can prescribe only for the future, it can have no retrospective operation, nor can it impair the obligation of contracts."[7] There are three exceptions, however, to this principle: (1) laws that lessen or suppress penalties; (2) laws that are merely interpretative of

**2.** At the time plaintiffs originally filed suit, La. Civ.Code Ann. art. 2971 (West 1952) provided in pertinent part:

No landlord or innkeeper shall be liable under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss sustained by such guests or party of guests by theft or otherwise, in any sum exceeding $100.00, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn, a greater liability has been contracted for.

**3.** The two questions certified to the Louisiana Supreme Court were as follows:

1. If the negligence of an officer or employee of an innkeeper results in a loss to the property of the innkeeper's guests by theft while the guests are resident in the inn, is the liability of the negligent person limited to $100 by Article 2971, Louisiana Civil Code? 2. More particularly, the Louisiana intermediate courts have held that Article 2971 of the Civil Code, as re-enacted by Act 231 of 1912, provides a limitation not only for the innkeeper's strict liability as a depositary but also to his liability for loss occasioned through the theft or negligence of his employees. *Zurich Insurance Co. v. Fairmont Roosevelt Hotel, Inc.,* 250 So.2d 94 (La.App. 4 Cir.1971); *Pfennig v. Roosevelt Hotel,* 31 So.2d 31 (La.App. Orl.1947). If indeed this is so, *but see* Note, Innkeepers—Limitation of Liability for Loss

of Guests' Property, 22 Tul.L.Rev. 333 (1947), was the statutory intent of the 1912 amendment of Article 2971, in the light of the statutory scheme of Articles 2965–2971 with regard to an innkeeper's liability, also to limit the liability of the innkeeper's employees for loss occasioned through their own "fraud or negligence," Article 2969?
626 F.2d at 1326.

**4.** *Laubie v. Sonesta International Hotel Corp.,* 650 F.2d 680, 681 (5th Cir.1981).

**5.** As amended, La.Civ.Code Ann. art. 2971 (West 1984) now provides in pertinent part:

No landlord or innkeeper, or his officers, clerks, agents, or employees shall be liable contractually or delictually under the provisions of the foregoing six articles to any guests or party of guests occupying the same apartments for any loss of cash, jewelry, rare art items, furs, cameras, or negotiable instruments sustained by such guests or party of guests by theft or otherwise in any sum exceeding five hundred dollars, unless by special agreement in writing with the proprietor, manager or lessee of the hotel or inn a greater liability has been contracted for.

**6.** *Ardoin v. Hartford Acc. & Indem. Co.,* 360 So.2d 1331, 1334 (La.1978).

**7.** La.Civ.Code Ann. art. 8 (West 1952).

existing legislation; and (3) laws that the legislature has expressly or impliedly declared to be retroactive.[8]

If it is an interpretive amendment, the Act fits squarely within the second exception, and is retroactive. Judging from the sequence of events, the timing of the amendment, and its language, we find that the Louisiana legislature added the clarifying language now found in Article 2971 only as a reaction to a judicial decision with which it disagreed and as a clarification of the prior meaning of the Article.

Prior to the 1982 amendment, the legislature had not altered Article 2971 for seventy years. During this time, the Louisiana intermediate courts had consistently construed Article 2971 to limit both the contractual and delictual responsibility of an innkeeper and his employees.[9] After the supreme court's response to our questions [10] gave a new interpretation to this Article, the legislature promptly broke its seventy years of silence. The language added to the Article is derived directly from the issues raised by this case: the amended Article closely parallels the certified questions, and specifically includes "officers, clerks, agents or employees" as parties whose liability is limited both contractually and delictually. The amendments to the Article serve merely to clarify, by more expansive phrasing, the original intention of the legislature in this area.

The plaintiffs argue that the 1982 amendment deals with the substance of the Article, and that to give the amendment retroactive application would deprive them of a vested right given implicit recognition in the supreme court's decision. This argument reflects a misunderstanding concerning the exception relating to interpretative laws, for, as explained by the Louisiana Supreme Court, interpretive legislation cannot properly be said to divest vested rights.

[Interpretive] laws do not establish new rules; they merely determine the meaning of existing laws and may thus be applied to facts occurring prior to their promulgation. In these circumstances, there is an apparent rather than real retroactivity, because it is the original rather than the interpretive law that establishes rights and duties.[11]

We hold, therefore, that under Article 2971, as amended, defendants' liability is limited to $100.00. Because the plaintiffs' claim fails to satisfy the requisite jurisdictional amount mandated by 28 U.S.C. § 1332, the action must be dismissed for lack of subject matter jurisdiction.

The decision of the district court is AFFIRMED.

**8.** *Ardoin v. Hartford Acc. & Indem. Co., supra,* 360 So.2d at 1338, *citing* 1 M. Planiol, *Civil Law Treatise,* Nos. 249–52 (La.St.L.Inst.Transl.1959); A. Yiannopoulos, *Civil Law System,* 68 (1977).

**9.** *See, e.g., Zurich Ins. Co. v. Fairmont Roosevelt Hotel, Inc.,* 250 So.2d 94 (La.App. 4 Cir.1971); *Pfennig v. Roosevelt Hotel, Inc.,* 31 So.2d 31 (La.App.Orl.1947).

**10.** *Laubie v. Sonesta International Hotel Corp.,* 398 So.2d 1374 (La.1981).

**11.** *Ardoin v. Hartford Acc. & Indem. Co., supra* 360 So.2d at 1338, *quoting* A. Yiannopoulos, *Civil Law System,* 68 (1977).