## CAREY v. COONEY. *
### No. 14974.

Court of Appeal of Louisiana. Orleans.

Oct. 21, 1935.

Edw. M. Heath, of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $228.93. There was judgment for plaintiff, as prayed for, and defendant has appealed.

■ The facts as we gather them from the transcript are as follows: Carey, the plaintiff, was in the contracting business and Cooney, the defendant, a machinery salesman. Some time in February, 1930, Cooney sold to Nelson Bros. of Baton Rouge, La., a ¾-yard drag-line bucket with the understanding that, pending delivery of the new bucket, which apparently had to be shipped from the manufacturer, a bucket could be temporarily obtained for their use and that Carey, who was on friendly terms with Cooney, agreed to lend Cooney a bucket, which was shipped to Nelson Bros., and, after some delay, returned to the city of New Orleans in a damaged condition and brought to the Dixie Machine & Welding Works in that city for repairs at a cost of $67, which required considerable time. Meanwhile Carey, being in urgent need of his bucket, began to insist upon its immediate return, with the result that Cooney rented one from the Southern States Equipment Company at a cost of $163.20. Cooney claims that he did not borrow the bucket from Carey, nor cause it to be repaired by the Dixie Machine & Welding Works and did not rent a bucket from the Southern States Equipment Company, but that Carey loaned the bucket to Nelson Bros. and rented the other bucket on his own account. However, the record conclusively shows that Carey had no business dealings with Nelson Bros., was not acquainted with them, and there was no reason for extending them such accommodation. Moreover, the testimony of the officials of the Dixie Machine & Welding Works and the Southern States Equipment Company, Inc., clearly shows that Cooney caused the bucket to be repaired and rented the substitute. Cooney failed to pay for the repairs to the bucket and for the rent of the substitute, and, in order to get possession of his bucket and the use of the other one, Carey had to pay both accounts. We find, therefore, as a fact that Carey paid the amount claimed in this suit for account of Cooney.

■ Defendant pleaded the prescription of one and three years. The three-year prescription is based upon the fact that the suit was not filed until March 29, 1934, whereas the original transaction, the loan of the bucket to Cooney, occurred in February, 1931. It appears from the transcript that the advances for account of Cooney, which is the basis of his claim, were not made until May and July, 1931. The prescription of three years, therefore, if applicable to this claim, had not run when the suit was brought. As to the prescription of one year, the contention is that the al-

leged obligation of plaintiff is quasi ex delicto, and that under article 3536 of the Revised Civil Code, such a claim prescribes in one year. Answering this contention, the plaintiff says that his claim is one quasi ex contractu and that the prescription applicable is that for a personal action, which, under article 3544, Rev. Civ. Code, is ten years, citing Owen v. Holmes, 12 Rob. 148, Reddick v. White, 46 La. Ann. 1198, 1208, 15 So. 487, 490, and Smith v. Braun, 37 La. Ann. 225.

In the first case cited, Owen v. Holmes, it was held, as stated in the syllabus:

"The prescription of one year established by art. 3499 of the Civil Code [article 3534, Rev. Civ. Code], does not apply to the claim of one who has paid for another bills due by him to an innkeeper. Such a claim is only prescribed by ten years. Civ. Code, art. 3508 [Rev. Civ. Code, art. 3544]."

In Reddick v. White, supra, the court said:

"The prescription against the action for moneys advanced or debts paid by one for another, or for the settlement of a partnership, is ten, not three or five, years. Rev. Civ. Code, art. 3544; Owen v. Holmes, 12 Rob. (La.) 148."

See, also, Succession of Savant, 15 La. App. 396, 400, 132 So. 263.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.