94 So.2d 311 (1957)
Vernile J. REEHLMAN
v.
Paul W. CALAMARI.
No. 20818.
Court of Appeal of Louisiana, Orleans.
April 15, 1957.
*312 Philip S. Finn, Jr., New Orleans, for plaintiff-appellant.
G. Harrison Scott, New Orleans, for defendant-appellee.
JANVIER, Judge.
This matter comes before us on appeal by plaintiff from a judgment dismissing his suit on a plea of prescription of one year.
Vernile J. Reehlman, the plaintiff, alleges that he loaned to defendant, Paul W. Calamari, without charge, his 1950 Chevrolet automobile with the understanding that it was to be used by Calamari to attend "to some personal matters," and that Calamari "promised return of the automobile the same night." Plaintiff then alleges that, while driving the car "at a high rate of speed," Calamari overturned and wrecked it and that, by reason of "defendant's negligence and improper conduct, Petitioner has suffered loss and been damaged" in the sum of $866, representing the cost of repairing the automobile and loss of profits because of not being able to use the car while being repaired.
The damage is alleged to have been sustained on October 23, 1954. The suit was filed on November 3, 1955. Defendant filed a plea of prescription of one year, contending that the suit is one in tort and that consequently the prescriptive period which is applicable is that which is provided by Article 3536 of our LSA-Civil Code. Plaintiff maintains, on the other hand, that the action is one for breach of contract and that consequently the prescription which is applicable is ten years as provided by LSA-Civil Code, Article 3544 for personal actions.
There is no doubt at all in our minds that the agreement of plaintiff to lend the car to defendant and defendant's acceptance of the car to be used for his personal affairs constituted a contract such as is contemplated by Article 2893 of our LSA-Civil Code, i. e., a loan for use. That such a loan constitutes a contract is recognized in Article 1884 of our LSA-Civil Code which provides that:
"The mere use, or the mere possession of a thing, may be * * * the object of a contract."
Where there is such a contract, the obligation of the user or borrower under Article 2898 of our Code is "to keep and preserve, in the best possible order, the thing lent."
The obligation of a borrower is identical with the obligation of the depositary, and we note that, under Article 2937, the "depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." And we note, too, that, as a result of Article 2938, the obligation of the depositary is "rigorously" enforced where the deposit has been made "by the request of the depositary," or where it is made "solely for his advantage."
In passing, we note that there is considerable opinion to the effect that before the word "rigorously" as we have quoted it, the word "more" should be insertedin *313 other words, that the liability of the borrower or gratuitous depositary is to use in preserving the deposit the same diligence that he should use in preserving his own property and that where the deposit is made for his benefit, this obligation should be "more rigorously" enforced.
Counsel for defendant falls into error in believing that, because it is alleged that the automobile was damaged by negligence of the defendant, the action is one in tort. The action is obviously based on breach of contract. The allegation that there was negligence is not the allegation on which the suit is based. The allegation of negligence, as a matter of fact, is mere surplusage. All that the plaintiff was required to allege was that he had loaned the automobile to defendant and that defendant had returned it in a damaged condition. That would have put on defendant the burden of showing that the damage was sustained without fault on his part. This is recognized by Blashfield, Cyclopedia of Automobile Law and Practice. Vol. 7, sec. 4673, p. 661. Note the following statement:
"* * * The return of the automobile by the bailee in a damaged condition raises a presumption of negligence, and makes a prima facie case, and puts the burden on the bailee, or justifies an inference of negligence when the damage is such as does not ordinarily occur without negligence * * *."
The error of counsel for defendant in feeling that it has been decided that in such situation the action is one in tort results from an incorrect interpretation of the decision of the Court of Appeal for the First Circuit in Texas Mutual Insurance Co. v. Stutes, 84 So.2d 621, wherein the Court said that it was not necessary to determine whether the contract was a loan for use or a bailment because, in either event, the borrower or bailee would be liable for damage caused by his "neglect." The Court did not say that the action was one in tort, merely that negligence in any event would render the borrower liable.
We ourselves discussed the question of what prescription would be applicable in such a situation in Carey v. Cooney, La. App., 163 So. 674. There we found that the contract was a "loan" and that the article loaned was a dragline bucket which was damaged by the borrower. We held that the applicable prescription was ten years and not one year as contended by defendant. We say the same thing here. If the allegations of plaintiff's petition are true, and, at this stage of the matter, in considering this plea of prescription we must accept them as true, then defendant borrowed plaintiff's automobile and was bound to afford to it such protection as an ordinarily prudent person would afford to his own similar article. It is alleged that he did not do so and that damage resulted. If this is true, then he is liable for the damage sustained.
The judgment appealed from is annulled, avoided and reversed and the matter is remanded to the First City Court of New Orleans for further proceedings consistent with the views herein expressed and according to law.
Reversed and remanded.
REGAN, J., absent, took no part.