AYRES, Judge.
By this action plaintiff, as subrogee of a claim of Wray Lincoln-Mercury, Inc., and as an insurer of a Lincoln Continental automobile of the subrogor, sought to be *394 reimbursed by the defendant for damages paid which were allegedly occasioned by defendant’s negligence while driving the automobile. The owner of the car intervened and sought recovery of damages to the extent of $100.00 provided as an uninsured deductible under the insurance policy insuring the car. From a judgment in plaintiff’s favor for $306.95 and in favor of intervenor for $100,00, defendant appealed.
The judgment is predicated upon a conclusion that the record established that the automobile constituted a loan by intervenor to defendant as a consequence of which the defendant was under an obligation to return it, after having used it, in as good condition as when received, but, if it be worsened by the use for which it was borrowed, defendant would be answerable for the same unless he established that its condition was not due to any fault on his part.
Intervenor permitted defendant to use the automobile, free of charge, pending repairs to that of his own. In borrowing this automobile defendant was bound to keep and preserve it in the best possible manner. For any improper use of a thing borrowed the borrower is subject to a penalty for damages. LSA-C.C. Art. 2898. Or, if the object of the loan is made worse by the fault of the borrower, the borrower is answerable for the same. LSA-C.C. Art. 2902.
The loan of the automobile in the instant case being one for use, there was an obligation on the part of defendant to return it to the lender in as good condition as when it was received, except where it was worsened by the use alone for which it was borrowed and without any fault on the part of the borrower. LSA-C.C. Art. 2902. Thus, the burden is upon a borrower to establish that the loss or damage was not due to any fault of his. New York Fire Insurance Co. v. Kansas Milling Co., 227 La. 976, 81 So.2d 15 (1955); Alex W. Rothschild & Co., Inc. v. Lynch, 157 La. 849, 103 So. 188 (1925); Nicholls v. Roland, 11 Mart. (O.S.) 190 (1822).
No question exists as to the applicability of the foregoing principles of law to the facts of this case. Defendant’s position is that he has satisfactorily accounted for the damage sustained to the car by showing his freedom from fault in the accident from which the damage resulted. His account of the accident was that, while driving south on Creswell Road in Shreveport, after making a turn to the right on Deborah Drive, he ran into some water, necessitating the application of brakes, whereupon the brakes “grabbed,” and the steering wheel locked. The car consequently slid, went over a curb, and continued about 40 feet across a lot where it ran into a tree. He alleged that the brakes were defective and that the accident was precipitated by such defects.
This allegation was not established to a reasonable certainty by a preponderance of evidence. An examination of the brakes, following the accident, established they were in perfect working order and, moreover, that water on brakes of the kind and character with which the Continental was equipped would have no effect upon its braking power. Thus, defendant’s explanation that the car simply went out of control is not established. Nor has defendant exculpated himself from negligence in the accident.
Defendant nevertheless contends that plaintiff’s insurance policy covered defendant as an assured. The principle is then invoked that an insurer cannot recover its loss in an accident from an assured. The answer to this proposition is that a thorough study of the insurance policy discloses defendant was not an assured.
For these reasons, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.