HOOD, Judge.
Plaintiff, Roy Young, Inc., instituted this suit against Richard E. Dunham and Del-cambre, Inc., to recover the cost of repairing a diesel engine which plaintiff had loaned to defendants. The engine was damaged while it was in defendants’ possession. Plaintiff apparently has abandoned its claim against Delcambre, Inc., and now seeks to recover solely from defendant Dunham. Judgment was rendered by the trial court in favor of plaintiff and against defendant Dunham, and Dunham has appealed.
The central question presented is whether the damages to the engine were caused by the fault or negligence of the defendant. Plaintiff contends that the damages were caused by defendant’s negligence in permitting sand to get into the oil system of the engine, while defendant contends that the damages were caused by a mechanical defect in the engine which existed at the time it was loaned. In resolving the principal issue, it will be necessary to determine which of the two parties bears the burden of proof.
In 1966, plaintiff was engaged in the towing and construction business, and defendant Dunham operated a business which included the selling of ready-mixed concrete and sand and gravel. On or about July 20, of that year, Dunham informed Roy Young, president and owner of plaintiff corporation, that an engine on a dredge which defendant was operating in St. Francisville, Louisiana, had become inoperative, and that he wanted to borrow an engine from plaintiff for a few days, until his own could be repaired. Young agreed to loan a diesel engine to Dunham to be used for that purpose, subject to the condition that in the event the engine should become damaged while being so used, then Dunham was to pay the cost of the repairs or he was to deliver to Young another engine of equal value. No consideration was to be paid to Young for the use of the engine.
Pursuant to that understanding, Dunham sent one of his employees to plaintiff’s place of business in Abbeville, Louisiana, and that employee obtained from plaintiff a Model 671 GM Diesel Engine. This engine was taken to St. Francisville by the employee, and it was installed on a dredge which Dunham was using to pump sand and gravel, all as understood and agreed upon by the parties. About three days la *614 ter, while the engine was being used by Dunham for that purpose, it developed serious mechanical troubles which rendered it completely useless. Among other things, a crankshaft main bearing burned out, a connecting rod broke and the broken connecting rod punched a hole in the side of the engine block. The damage was reported to Young promptly, but the engine was not returned to him until three or four months later.
After the engine had been returned to plaintiff, it was examined and completely dismantled by one of plaintiff’s mechanics. Thereafter, the dismantled engine was examined by two other diesel mechanics. Two of these experts found a substantial amount of sand in the engine oil, and they found scarring of engine parts which they felt were caused by sand. They concluded that the major damage to the engine was caused by the sand which had gotten into the oil. The third mechanic who examined the disassembled engine noted some signs of sand in the oil, but he found no sand damage to the engine or to any of its parts. He concluded that the cause of the damage to the engine was that a “cap had come off and broken the connecting rod and it went through the block.” He felt that the cap came off the connecting rod because a bolt broke or a nut which held it on had gotten loose and had worked off.
One of plaintiff’s mechanics had overhauled the engine about a week before it was loaned to defendant. This mechanic testified that the engine was in good condition then, and that there was no sand in the oil when it was delivered to Dunham. He stated that the engine was not equipped with an air filter, but that when the engine was picked up by defendant’s employee he advised that employee to install a filter before using it. The evidence shows that no air filter was ever put on the engine, as suggested by plaintiff’s mechanic, but that the machine was used on a barge where little, if any, sand was in the air.
The evidence establishes that it will cost $2,473.41 to repair the engine. Plaintiff instituted this suit to recover the cost of these repairs from defendant, contending that Dunham was negligent in operating the engine without an air filter and in permitting sand to get into the oil. Defendant resisted these demands on the ground that the engine was defective when it was taken by him, and that the defect was due to faulty workmanship by plaintiff’s employees.
The trial judge held that the return of the engine by Dunham in a damaged condition raises a presumption of negligence on the part of the borrower, and that the burden of proof rests on defendant to establish that he was free from negligence. He concluded that the evidence was insufficient to overcome the presumption of negligence on the part of the borrower, and judgment thus was rendered condemning him to pay the cost of repairs.
The evidence shows that the loan of the engine was essentially gratuitous, that defendant borrowed it for his own personal use, and that the lender remained the proprietor of the thing lent. Defendant, in fact, admits in his answer “that said engine was loaned without charge.” The transaction between Young and Dun-ham, therefore, constituted a “loan for use or commodatum,” as those items are defined in Article 2891 of the Louisiana Civil Code. See also LSA C.C. Arts. 2893 to 2895, inclusive. Under such an agreement, the borrower is bound to keep and preserve, in the best possible order, the thing lent. LSA C.C. Art. 2898.
When a thing such as an engine is loaned for use, there is an obligation on the part of the borrower to return it to the lender in as good a condition as it was when received, except where it was worsened by the use alone for which it was borrowed and without any fault on the part of the borrower. The borrower is responsible to the lender for any damage to *615 the thing lent when the damages were caused by the fault or negligence of the borrower. He is not answerable in damages, however, when such damages occurred without any fault on the part of the borrower. LSA C.C. Arts. 2898 and 2902.
If the thing lent is returned to the lender in a damaged condition, a presumption arises that the damage was caused by the fault or negligence of the borrower, and the burden of proof rests on the borrower to overcome that presumption by establishing that the damage was not due to any fault of his. Reehlman v. Calamari, 94 So.2d 311 (La.App.Oris. 1957); New York Fire Insurance Company v. Kansas Milling Company, 227 La. 976, 81 So.2d 15 (1955); Alex W. Rothschild & Co. v. Lynch, 157 La. 849, 103 So. 188 (1925); Nicholls v. Roland, 11 Mart. (O.S.) 189 (1822); and Continental Casualty Company v. Oken, 229 So.2d 393 (La.App. 2 Cir. 1969).
In Continental Casualty Company v. Oken, supra, the Second Circuit Court of Appeal appropriately said:
“The loan of the automobile in the instant case being one for use, there was an obligation on the part of defendant to return, it to the lender in as good condition as when it was received, except where it was worsened by the use alone for which it was borrowed and without any fault on the part of the borrower. LSA-C.C. Art. 2902. Thus, the burden is upon a borrower to establish that the loss or damage was not due to any fault of his.”
The engine in the instant suit was returned to the lender in a damaged condition. A presumption arises, therefore, that the damage was cartsed by the fault of the borrower, Dunham, and the burden of proof rests on Dunham to establish that he was free from fault.
We have reviewed all of the evidence, and we agree with the trial judge that defendant Dunham has failed to establish that the damages to the engine were not caused by his fault or negligence. Defendant thus has failed to meet the burden of proof which rests upon him to show that he was free from negligence.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant Richard E. Dunham.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.