275 So.2d 221 (1973)
GREAT AMERICAN INSURANCE COMPANY
v.
C. M. PENN, Jr., et al.
No. 9232.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
Rehearing Denied April 9, 1973.
*222 William L. Wilson, Taylor, Porter, Brooks & Phillips, Baton Rouge, for appellant.
Dennis R. Whalen and Robert C. Funderburk, Jr., Baton Rouge, for appellees.
Before SARTAIN, BLANCHE and WATSON, JJ.
BLANCHE, Judge.
This is an appeal by plaintiff, Great American Insurance Company, from a judgment dismissing its subrogation suit against defendants, Claude M. Penn, Jr., D. L. George, and Jim Porrier. Plaintiff filed suit against defendants seeking to recover therefrom in solido the principal sum of $6,537.87, representing alleged damages sustained to a twelve and one-half ton hydraulic crane which fell off a truck while the crane was being transported along Interstate 10 in New Orleans, and more particularly, while the truck was exiting the interstate at the Claiborne Avenue downramp thereof. The crane had been gratuitously lent by plaintiff's insured to the three defendants, who intended to use this crane, as well as another one which they had borrowed, to raise a boat owned by the three defendants which had sunk.
The trial judge, in Oral Reasons for Judgment rendered at the conclusion of the trial, concluded that although the transaction in question was a "loan for use or commodatum," with the result that under the law of Louisiana when the thing lent is returned in a damaged condition, a presumption of negligence or fault arises which the borrower or borrowers must overcome to escape liability, nevertheless, the defendants carried this burden of exculpation, thus warranting dismissal of plaintiff's suit. We reverse.
The law applicable to the instant case was recently summarized by the Third Circuit Court of Appeal in Roy Young, Inc. v. Delcambre, Inc., 233 So.2d 612 (La.App. 3rd Cir. 1970), as follows:
"The evidence shows that the loan of the engine was essentially gratuitous, that defendant borrowed it for his own personal use, and that the lender remained the proprietor of the thing lent. Defendant, in fact, admits in his answer `that said engine was loaned without charge.' The transaction between Young and Dunham, therefore, constituted a `loan for use or commodatum,' as those items are defined in Article 2891 of the Louisiana Civil Code. See also LSA C. C. Arts. 2893 to 2895, inclusive. Under such an agreement, the borrower is bound to keep and preserve, in the best possible order, the thing lent. LSA C.C. Art. 2898.
"When a thing such as an engine is loaned for use, there is an obligation on the part of the borrower to return it to the lender in as good a condition as it was when received, except where it was worsened by the use alone for which it was borrowed and without any fault on the part of the borrower. The borrower is responsible to the lender for any damage to the thing lent when the damages were caused by the fault or negligence of the borrower. He is not answerable in damages, however, when such damages occurred without any fault on the part of the borrower. LSA C.C. Arts. 2898 and 2902.

*223 "If the thing lent is returned to the lender in a damaged condition, a presumption arises that the damage was caused by the fault or negligence of the borrower, and the burden of proof rests on the borrower to overcome that presumption by establishing that the damage was not due to any fault of his. Reehlman v. Calamari, 94 So.2d 311 (La.App. Orls.1957); New York Fire Insurance Company v. Kansas Milling Company, 227 La. 976, 81 So.2d 15 (1955); Alex W. Rothschild & Co. v. Lynch, 157 La. 849, 103 So. 188 (1925); Nicholls v. Roland, 11 Mart. (O.S.) 190 (1822); and Continental Casualty Company v. Oken, 229 So.2d 393 (La.App. 2 Cir. 1969).
"In Continental Casualty Company v. Oken, supra, the Second Circuit Court of Appeal appropriately said:
`The loan of the automobile in the instant case being one for use, there was an obligation on the part of defendant to return it to the lender in as good condition as when it was received, except where it was worsened by the use alone for which it was borrowed and without any fault on the part of the borrower. LSA-C.C. Art. 2902. Thus, the burden is upon a borrower to establish that the loss or damage was not due to any fault of his.'"
(Roy Young, Inc. v. Delcambre, Inc., 233 So.2d at 614, 615)
It is noted from reviewing the applicable jurisprudence that the proffered exculpatory evidence by or on behalf of the defendant borrower or borrowers has almost uniformly been held insufficient to overcome the presumption of negligence or fault, see, for example, New York Fire Insurance Company v. Kansas Milling Company, 227 La. 976, 81 So.2d 15 (1955); Roy Young, Inc. v. Delcambre, Inc., cited supra; and Continental Casualty Company v. Oken, 229 So.2d 393 (La.App. 2nd Cir. 1969). In each of the previously cited cases the self-serving testimony of the defendant borrower to the effect that due care and inspection of the borrowed property was undertaken has been insufficient to exonerate the borrower.
Recognizing that each case must stand on its own facts, we are of the opinion from a review of the record herein that the trial judge manifestly erred in concluding that defendants had successfully borne the burden of exonerating themselves from any negligence or fault. Defendant, D. L. George, who was driving the truck at the time of the accident, admitted that when he checked the chains which were used to tie down the load on the truck at Prairieville, Louisiana, one chain was loose at that time and had to be tightened. (Record, pp. 50, 136) He stated he again checked the chains at Sorrento, and for a third time at the truck scales near Norco, Louisiana. Thereafter, however, no additional inspections were undertaken by this or any of the other defendants of the load, notwithstanding the fact that the truck and the crane had to traverse the overpass on U.S. Highway 61 (Airline Highway) to the north of the New Orleans International Airport, had to make at least one left turn off Airline Highway and onto Williams Boulevard, had to make a right turn off Williams Boulevard and proceed in a generally southeasterly direction on Interstate 10, and likewise go over several overpasses before reaching the downramp at Claiborne Avenue where the accident occurred. Mr. George W. Ingalls, the driver of the other truck transporting the other borrowed crane, testified that the chains securing the load are more apt to become loose if the truck makes turns, starts and stops than if it simply keeps going along the road. (Record, p. 62) We also note that while defendant, D. L. George, indicated at first that he did not remember whether there was the same or another chain loose on the truck when he checked it at Sorrento, or at the second stop, (Record, p. 51) nevertheless, another of the defendants, C. M. Penn, Jr., testified that one chain was *224 loose when the truck was checked in Sorrento. (Record, p. 38) The evidence shows that the ride from Prairieville to the truck scales near Norco, Louisiana, on U. S. Highway 61 (Airline Highway) does not necessitate traversing any overpasses, nor does it involve the making of any right angle turns as were of necessity encountered during the latter part of this ill-fated journey.
Given the prior indication of the chain or chains becoming loose at Prairieville and presumably also at Sorrento, Louisiana, we feel defendant, D. L. George, should have made further inspections and undertaken additional precautionary measures, particularly before entering the interstate highway.
The weight of the evidence also negates any defect in the equipment which was lent to defendants. Moreover, defendant, D. L. George, retained an allegedly broken link of the chain and had it examined by an expert, but chose not to offer this expert's testimony to substantiate any contention by defendants that the chain was defective.
Fortunately, no one was injured in this accident. While not factually apposite, nevertheless, we take note of jurisprudence which gives rise to a presumption of negligence on the part of the operator of a vehicle from which an object falls resulting in injury to another motorist, see State Farm Mutual Automobile Insurance Company v. Herrin Transportation Company, 136 So.2d 272 (La.App. 2nd Cir. 1961).
Objects of this nature fortunately for traveling motorists do not generally fall off trucks, and when such an unusual occurrence arises, the presumption of fault or negligence is certainly warranted and justified. Absent a successful sustaining by the defendant borrower of the burden of proof exculpating himself from any negligence or fault, liability results. From our review of the evidence and consideration of the applicable law and jurisprudence, we do not believe defendants successfully bore this burden of exoneration, with the result that the judgment of the trial court must be reversed.
Our review of the record also satisfies us that the amount of plaintiff's claim has been satisfactorily established by a requisite preponderance of the evidence.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of plaintiff, Great American Insurance Company, and against defendants, C. M. Penn, Jr., D. L. George, and James A. Porrier, in solido,[1] for the principal sum of $6,287.87, with legal interest thereon from date of judicial demand until paid. Defendants are further cast in solido for all costs of these proceedings.
Reversed and rendered.
NOTES
[1] Since defendants borrowed the damaged crane for their joint use and benefit (Record, p. 41), they are bound in solido see Louisiana Civil Code Article 2905.