de la HOUSSAYE, Judge.
This appeal arises from the total destruction of a truck owned by Roger L. Vallet, Jr., appellant herein, which truck was destroyed by fire while it was stored on the property of appellee, Theo H. Glaser, Jr. Defendant answered the suit filed by appellant pleading that the truck was destroyed by fire through no fault or negligence on his part and he also filed a third-party petition against two insurance companies, Hanover Insurance Company and Louisiana Farm Bureau Mutual Insurance Company, alleging that they were liable to him for all damages which he may incur should he be held liable on the principal demand filed by appellant. Both of the insurance companies answered the third-party petition of appellee alleging that they, under the terms of their respective policies, are not liable unto appellee should he be cast in judgment in the principal demand. The Trial Court rendered judgment in favor of defendant, rejecting demands of appellant and dismissing the third-party petitions filed against the insurance companies. From this judgment, appellee has taken a devolutive appeal seeking a reversal of the Trial Court’s determination of no liability of the defendant for the destruction of this truck. No appeal was taken from the Trial Court’s dismissal of the third-party demands made upon the insurance companies and, accordingly, the issue of coverage under the insurance policies is not before this Court on this appeal.
The facts are not disputed by the parties. Mr. Glaser and Mr. Vallet are neighboring farmers who had a friendly working agreement between themselves whereby each *903 would borrow from the other various farm equipment and would keep it while using it for a reasonable time and return it, either at the request of the owner or when the borrower was through with it. In some instances, the owner would go and get the equipment himself. In this particular case, Mr. Glaser borrowed Mr. Vallet’s Ford truck and trailer to haul his soybeans. After using the truck, he stored it in his barn along with items of his own equipment which were also very valuable (combines, Farmall Tractor, clover combines, mowers, rakes, and other miscellaneous equipment). Approximately ten (10) days or two (2) weeks after Mr. Glaser had stored this truck in his barn, a fire erupted in the barn and all of Mr. Glaser’s equipment, as well as Mr. Vallet’s truck, was totally destroyed.
Both parties also agree that Title XII, Book 3 of the Civil Code (C.C. Arts. 2891 et seq.) reflect the applicable law to cover this factual situation.[1] Appellant maintains that the Trial Court committed error in its decision of this case on two grounds. The first is that since appellee kept the vehicle approximately two weeks after he had finished with it, then he is liable for the loss of the truck, even though it was destroyed by chance, under Article 2899 of the Civil Code. He points out that under Article 2893 of the Civil Code, a primary obligation of the borrower is to return it after he shall have finished using the borrowed item. Appellant maintains that regardless of the reason for the loss, Mr. Glaser is responsible for that loss since he had kept it for approximately two weeks after he had finished using it.
We cannot agree with appellant’s contentions. The facts of this case conclusively indicate that the agreements between the parties concerning the use of each other’s equipment also included the right to keep and store the equipment at their premises. Appellant testified that it was not unusual for either one of them to keep the other’s equipment after they had finished using it, that it was not unusual that either one of them would keep the other’s equipment for a period of two (2) weeks after they had finished using it, and that quite often either of the parties would call the other who had borrowed the equipment for the return of the equipment or merely go and pick up the equipment himself. Under these facts, it was clear that the parties had agreed with one another to allow the borrower to leave the equipment at his place after the borrower finished using it. In short, this agreement between the parties had dispensed with the obligation imposed under Article 2893 of the Civil Code; that is, to return the item after it has been used, and had dispensed with the liability imposed under Article 2899.
*904 Appellant also contends that the Trial Court failed to interpret certain jurisprudential rules, in light of these articles, which stand for the proposition that when the thing lent is returned to the lender in a damaged condition, a presumption arises that the damages were caused by the fault and the negligence of the borrower, and the burden of proof then rests on the borrower to overcome this presumption by establishing that the damage was not due to any fault of the borrower. During the trial of this matter, it was never shown exactly how this fire started, although there was some speculation on how the fire might have started. The Trial Court found as a matter of fact, that the fire was not started by the negligence or fault of Mr. Glaser. Appellant principally relys upon New York Fire Insurance Company v. Kansas Milling Company, 227 La. 976, 81 So.2d 15 (1955) in which a lender gratuitously loaned to a borrower a large ox for the borrower’s use for an advertising campaign. When the borrower was returning the ox to the lender, the trailer in which it was riding unattached to the truck pulling it, fell to the pavement, and the ox was thrown violently forward causing injuries from which it died a week later. The Court stated the following:
“According to Article 2898, ‘the borrower is bound to keep and preserve, in the best possible order, the thing lent. He can use it only in the manner for which it is fitted by its nature, or which is allowed by the agreement, under the penalty of damages’. Article 2902 further provides that, . 'If the thing be made worse by the effects of the use alone for which it was borrowed, and without any fault on the part of the borrower, he is not answerable for the same’.”
“The loan of the ox in the instant case being one for use, there was an obligation on the part of the Kansas Milling Company to return the animal to the lender. Since it was unable to do so, it is responsible to the owner for its failure unless it can show that the death of the ox was due to no fault or negligence on its part.” Ibid, at 17.
However, the Court further stated that:
“The logical inference to be drawn from these facts is that the truck and trailer became disconnected at the time of the accident because they had been improperly hooked up by defendant’s employees.” Ibid, at 18.
It would be illogical for this Court to find that because the barn burned down it was due to some fault or negligence of Glaser. Under the facts of this case, it is a fair and reasonable inference that the loss of this truck was not due to any fault or negligence on appellee’s part, as found by the Trial Court. We find no manifest error with the Lower Court’s finding of this fact. In Great American Insurance Company v. Penn, 275 So.2d 221 (1st Cir. 1973), the principle that if the thing lent is returned to the lender in a damaged condition, a presumption arises that the damage was caused by the fault and negligence of the borrower, and the burden of proof rests on the borrower to overcome that presumption by establishing that the damage was not due to any fault of his, was applied by this Court. However, in considering the facts of that particular case, we stated the following:
“Objects of this nature fortunately for traveling motorists do not generally fall off trucks, and when such an unusual occurrence arises, the presumption of fault or negligence is certainly warranted and justified.” Ibid, at 224.
Appellant also cites Roy Young, Inc. v. Delcambre, Inc., 233 So.2d 612 (3rd Cir. 1970), and Continental Casualty Company v. Oken, 229 So.2d 393 (2nd Cir. 1969) as authority to bolster his position. Although we have no argument with the law as enunciated in these cases, we find that *905 they are factually inapposite to this particular case.
For the foregoing reasons, the judgment of the Lower Court is affirmed and the appeal dismissed at appellant’s costs.
Affirmed.

. The pertinent provisions of this Chapter are as follows:
"Art. 2891. There are two kinds of loans: The loan of things, which may be used without being destroyed; And the loan of things, which are destroyed without (by) being used. The first kind is called loan for use or oom-modatum.”
“Art. 2898. The loan for use is an agreement, by which a person delivers a thing to another, to use it according to its natural destination, or according to the agreement, under the obligation on the part of the borrower, to return it after he shall have done using it.”
“Art. 2894• This loan is essentially gratuitous ; otherwise it would be a letting or hiring.”
“Art. 2897. The obligations entered into by the loan for use, are binding upon the heirs of the lender and of the borrower.”
“Art. 2898. The borrower is bound to keep and preserve, in the best possible order, the thing lent. He can use it only in the manner for which it is fitted by its nature, or which is allowed by the agreement, under the penalty of damages.”
“Art. 2899. If the borrower employs the thing to another use or for a longer time than has been agreed on, he shall be liable for the loss which may happen, .although the same might have happened by chance.”
“Art. 2900. If the thing lent be destroyed by a chance which might have been prevented by the borrower in making use of his own, or if, unable to preserve both, he has preferred preserving his own, he is answerable for the loss of the other.”