SCHOTT, Judge.
Plaintiff brought this suit to recover $1,000 he deposited with defendant on account of an automobile he ordered;- Defendant Reconvened for $510.06 for damages to an automobile it loaned to plaintiff while he was waiting for the automobile he ordered. From a judgment in favor of plaintiff on the main demand, as well as the reconveritional demand, defendant has appealed.
On April 29,1976, plaintiff ordered a new 1976 Oldsmobile automobile with various special accessories for a total price of $5,852.80. In conjunction therewith he made a deposit of $100. The order provided, as one" of the conditions of the agreement, as follows:
“Upon the failure or refusal of the purchaser to complete said purchase for any reason other than cancellation on account of increase in price or because of seller’s inability to sell the security contract as provided in paragraph 7, the cash deposit may be retained as liquidated damages,. . "
According to plaintiff’s testimony, on the date that the car was due to be delivered he went to defendant’s facility at about noon and was advised that they were having some minor problems with the automobile but that it would be ready at 5 o’clock. He gave defendant $700 “more deposit” at that time and returned later with his daughter for the purpose of picking up the automobile. At that time he was advised that the pistons were sticking in the automobile and he was brought to the shop where he found the automobile being worked on. He was advised that it would be ready after the Fourth of July, and defendant loaned him another automobile with the understanding that plaintiff’s daughter would use this loaned automobile until the car plaintiff was purchasing would be ready. At that time he put down an additional $100 with defendant. He was advised by defendant on July 14 that his automobile was ready, but fearing that the automobile was defective he then advised defendant’s representative that he did not want the automobile. At that time he and his daughter returned the loaned automobile which, in the meantime, had been damaged.
Plaintiff’s daughter testified that she had taken the loaned automobile to a shopping center, properly parked it in the lot, went into a store and upon returning found that it had been damaged. Her testimony was corroborated by a friend who had accompanied her to the shopping center.
Defendant does not dispute that when the automobile was ordered only $100 was deposited in accordance with the terms of the contract, but it takes the position that the entire $1,000 was earnest money in accordance with LSA-C.C. Art. 2463, which provides:
*736 “But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”
Defendant relies on Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966) for the proposition that the $1,000 must be considered earnest money unless the parties agree to the contrary.
In the first place Art. 2463 has nothing to do with the $900 deposited subsequent to the date the automobile was ordered. The promise to sell had already been made by defendant in connection with the deposit of $100. Defendant was under no obligation to pay the additional $900 until the sale was consummated and there is no basis for allowing defendant to retain the $900.
As to the $100, we are not required to decide whether or not this was earnest money because its disposition is governed by the provision of the contract quoted above.
Defendant had the right to retain that $100 regardless of the reason for plaintiff’s cancellation, and by the same token plaintiff had the unqualified right to cancel the contract with the understanding that the $100 would be forfeited as liquidated damages. The purpose of liquidated damages is to relieve the obligee of having to prove actual damages because of the obligor’s breach of the contract. Thus, defendant limited itself to the $100 whether or not plaintiff was justified in cancelling the contract. Therefore, we have concluded that the judgment on the main demand must be reduced to $900.
The loan of the automobile by defendant was pursuant to LSA-C.C. Arts. 2893 et seq. Whether the automobile was loaned only to plaintiff or jointly to plaintiff and his daughter pursuant to Art. 2905 the same legal principles control plaintiff’s liability for the damage to the automobile. Art. 2898 provides that the borrower is bound to keep and preserve in the best possible order the thing lent. The borrower is responsible to the lender for damages done to the thing lent when they were caused by fault or negligence on the part of the borrower but not for damages occurring without his fault. C.C. Art. 2902, New York Fire Insurance Co. v. Kansas Milling Company, 227 La. 976, 81 So.2d 15 (1955); Roy Young, Inc. v. Delcambre, 233 So.2d 612 (La.App. 3rd Cir. 1970), writ refused, 256 La. 358, 236 So.2d 496.
If the thing lent is returned in damaged condition there is a presumption of fault or negligence on the part of the borrower and the burden of proof is upon him to prove that he was without fault for the damage. Roy Young, Inc. v. Delcambre, supra.
According to the testimony of plaintiff’s daughter and her friend the automobile was not damaged because of any fault on her part but rather the fault of some unknown and unidentified driver in the parking lot. Defendant takes the position that this evidence is insufficient as a matter of law and relies principally on Continental Casualty v. Oken, 229 So.2d 393 (La.App. 2nd Cir. 1969).
We have concluded that this is essentially a fact question for the trial court to resolve on the basis of the credibility of the witnesses. While defendant correctly asserts that plaintiff’s daughter’s failure to report the parking lot damage promptly diminishes her credibility we do not attach enough significance to this point to substitute our own judgment for the trial court’s credibility call as to both the girl and her friend. It is significant that defendant in the Oken case lost in the trial court and that judgment was affirmed. Furthermore, the story told by Oken was entirely uncorroborated and quite unbelievable.
Accordingly, the judgment appealed from is amended to the extent that there is judgment in favor of plaintiff on the main demand and against defendant in the amount of $900, and in all other respects the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.